## No. 7697.

STATE EX REL. W. F. BLACKMAN VS. W. A. STRONG, SECRETARY OF STATE.

Where an appeal is taken by motion, citation is unnecessary, even though prayed for, and ordered.

Where an assignment of errors is filed within ten days from the filing of the record it is in time to prevent the appeal from being dismissed, even though a motion to dismiss was made before the filing of the assignment.

A motion to dismiss an appeal on the ground of acquiescence in the judgment appealed from will not be considered when there is no evidence of such an acquiescence in the record.

The fact that the defendant has executed the judgment is no ground to dismiss an appeal from that judgment taken by a third person.

The duty of a lower judge to determine whether a certain judicial count of votes cast at an election, and the return thereunder was a valid return, is not a purely ministerial duty, and hence it cannot be enforced by a mandamus.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

*James Lingan* for relator and appellee.

*Albert Voorhies* and *Frank C. Zacharie* for defendant and appellant.

James Lingan, for relator and appellee, contended :

That the appeal should be dismissed, because,

First—The judgment having been acquiesced in and executed by the defendant, no third person could appeal from it. 21 A. 429 ; 27 A. 230 ; 21 A. 142 ; 7 N. S. 345.

Second—Appellant claims no interest in the case to any specific amount.

Third—The transcript affords no data for this court to act upon intelligently. No note of evidence, statement of facts, or assignment of error. 29 A. 71, Cooley vs. Broad et al.; 23 A. 746 ; 21 A. 458 ; 9 R. 478.

The filing of assignment of errors, *after the motion to dismiss* on that ground, and after fixing of the case for trial and on the trial of the case, comes too late. The ten days allowed to file assignment of errors must be construed *before case is fixed,* else it would deprive appellee of his right to dismiss—since the motion to dismiss enables the appellant to cure his laches.

Fourth—The assignment of errors cannot be considered ; first, because

they come too late ; second, because they refer to facts and not to law ; third, because the application of the law involved in said assignment must be guided by the facts of the case, and none appear of record.

Fifth—Under the election law of this State, as set forth in Act No. 58 of 1877, the compiling of the returns and their promulgation being a purely ministerial function, its exercise by the Secretary of State may be enforced by a mandamus. See McCreary, ? 81, 83, and 84.

A. Voorhies and F. C. Zácharie, contra, contended :

First—That the Secretary of State has a right to decide whether a certain paper presented to him and purporting to be an election return is a legal return ; and hence, he can not be compelled by mandamus to count and promulgate any particular paper as an election return, merely because on the face of it it purports to be such. 4 Conn. 297, 323 ; 3 Hill, 47 ; McCreary, ? 82.

Second—A court has no power to compel a recount of votes by commissioners of election after they have once performed that duty. McCreary, ? 94 ; Brightly's Contested Election Cases, pp. 309, 313.

The opinion of the court was delivered by

WHITE, J. The relator, a candidate for district judge at the last election, avers that after the polls were closed and the votes counted and the returns and tally-sheets made out at the poll, in ward two, parish of Grant, certain evil-disposed persons created disturbance, during the course of which the tally-sheets and commissioners' returns at said poll in ward two were destroyed or otherwise taken out of the possession of the returning officers of said poll. That finding, in consequence of this state of things, that no return from said poll had been transmitted to the Secretary of State, without which return petitioner would not be shown to have been elected, he caused the commissioners at the poll to be summoned before the parish judge, with the ballot-box, obtained from the judge an order for a judicial count of the ballots, which was made under the supervision of the judge by the commissioners. That after the said judicial count the commissioners, under the orders of the court, compiled the votes and made out full and correct tally-sheets and returns of said vote cast at the poll in ward No. 2, parish of Grant. That, although by said return, petitioner is shown to have been elected, he fears that, because two of the commissioners who signed the return protested against the judicial count, the Secretary of State will not count said return, and " thus deprive petitioner of his *prima facie* election, as shown by said returns." That the Secretary of State was without judicial power to consider the protest made by two of the three

commissioners, being charged only with the ministerial duty of com-
piling the returns. The prayer was for a mandamus ordering the com-
pilation by the Secretary of State of the return made in consequence of
the judicial count, and its promulgation. The petition was filed Decem-
ber 31, and a rule issued returnable at 2 p. m. of that day. The answer,
which is marked filed December 30, declared that no legal return had
been received by the respondent of the vote cast for district judge at
the poll in ward two, parish of Grant. But that he had received returns
made under protest by two of the three commissioners, under the order
of the parish judge. That respondent was unwilling to take the respon-
sibility of counting said returns, and declined to do so, unless ordered
to do so ; that his duty in the premises was purely ministerial, and re-
spondent submits the same.

On the same day, December 31, the alternative rule was made ab-
solute, and judgment was entered and signed issuing the mandamus as
prayed for.

On the 9th of January, Aristide Barbin, of the parish of Avoyelles,
charging that he had been a candidate for district judge in ward two,
parish of Grant, and was elected by the face of the returns, unless his
*prima facie* case was destroyed by the unlawful compilation of the
illegal return made under order of the parish court of Grant, prayed a
suspensive appeal from the judgment making the mandamus peremp-
tory, in the reversal of which he averred that as the candidate duly
elected district judge of the parishes of Grant, Rapides, and Avoyelles,
he had an interest exceeding one thousand dollars. The appeal having
been granted, the case was before us recently under prayer for writs of
prohibition and mandamus to prevent the execution of the judgment,
which we allowed.

The case is now before us on a motion to dismiss and on its merits.
The motion to dismiss is predicated on the following grounds :

1st. Because the defendant was not cited, although the prayer for
the appeal asked for citation and the judge ordered the citation in grant-
ing the appeal, which was asked and allowed, not in open court, but in
chambers.

2d. Because the appellant does not allege an interest over one
thousand dollars.

3d. Because the record contains no note of evidence, statement of
fact, or assignment of errors.

4th. Because the defendant had acquiesced in and executed the
judgment appealed from before the appeal was taken.

We will consider the grounds separately.

First. The appeal was taken by motion. The document by which
it was asked, as found in the record, has as its caption "motion of ap-

peal." It commences: "On motion of Aristide Barbin." And the decretal part says: "It is ordered that mover be allowed a suspensive appeal." True, the motion asked for citation, but if the appeal was by motion citation was unnecessary, and the prayer as well as the order, which was responsive to it, under the rule of *utile per inutile non vitiatur,* was mere surplusage.

Second. The motion for an appeal does, in terms, aver an interest of "considerably more than one thousand dollars."

Third. The record was filed in this court January 13, and the case was set down for hearing on the 22d, on which day an assignment of errors was filed previous to the hearing. The assignment of errors was filed within ten days after the filing of the record, and was in time under the very terms of C. P. 897. The proposition pressed upon us is, that as the motion to dismiss was filed prior to the assignment of errors, therefore the assignment was too late. But the law gives the appellant ten days, and the act of the appellee could not deprive the appellant of his legal right. This court held in Barham vs. Livingston, 11 A. 604, that the act of the court *ex proprio motu* in fixing a case for trial did not deprive the appellee of the three days in which he was allowed to move to dismiss. We take it that the ten days allowed by C. P. 897 means ten days after the filing of the record, provided the case is not sooner heard, and that as a consequence where the hearing of the case is reached before the expiration of the ten days, an assignment filed before the hearing is in time.

Fourth. There is nothing before us to show that the judgment has been executed, and nothing suggested in such a form as to justify our remanding the cause for the purpose of ascertaining the fact as to the execution. However, as we understand the groundwork of the suggestion to be, not that the appellant, but the defendant has executed, we do not see the force of the position. The text of C. P. 567 forbids an appeal *by the party* who has either confessed, acquiesced in, or voluntarily executed a judgment. The appeal in this case is not taken by the defendant, but by a third person under C. P. 571. There is then no semblance of foundation for the proposition that because the defendant has executed the judgment, therefore the party appealing has no right to appeal. In fact, that the voluntary execution of a judgment by a defendant cannot deprive a third person of his right to appeal, has long since been determined. As said by Porter, judge, in Lacroix vs. Menard et al., 7 N. S. 346: "The provisions of the 571st article are understood by us to apply to cases where the parties to a suit choose to acquiesce in a judgment by which other persons may be injured, and to protect these persons by enabling them to obtain the revision of such judgment in the appellate tribunal."

State ex rel. Blackman vs. Strong, Secretary of State.

## On the Merits.

We are clear that the court below erred. The duty of the Secretary of State to compile the returns under the provisions of Act No. 58 of 1877, and Act No. — of 1878, is manifestly ministerial, to the extent that he acts within the purview of the law ; but his duty, if any there was, with reference to the return in question, was clearly not ministerial, as it involved the decision by him, under the responsibility of his oath of office, whether or not the judicial count and return thereunder was a valid return. The duty not being ministerial, could not be enforced by mandamus.

But were it conceded that the function to be exercised by the Secretary of State, in passing on the returns in question, was ministerial, we are clear that he properly declined to canvass it; because it was not the return of the returning officer of the parish of Grant or the commissioners of election of the poll of ward two in that parish ; not of the returning officer, because it did not purport so to be ; not of the commissioners, because two out of the three who signed it protested that they signed under the compulsory order of the parish court, and that the ballot-box as counted under the order of the court had been tampered with, and that the result did not correspond with the count at the precinct. In fact, the return was in reality the return of the parish judge, who was without authority to that end.

The judgment is reversed, and the writ of mandamus refused, at. the costs of the relator.