The opinion of the court was delivered by
Watkins, J.
Plaintiffs averring themselves, in their partnership capacity, owners of a certain saw-mill complete, including engine, boiler and fixtures, and twenty thousand feet of lumber; and that the defendant, as administrator of the succession of J. O. Rouschick, has advertised said property for sale as that of the succession, prayed for and obtained an injunction staying sale proceedings until the rights of property could be judicially tested and determined.
In an amended petition plaintiff laid claim to a lot of saw-logs in addition to the aforesaid property.
In answer to the original petition the administrator pleads, first, a general denial, and, second, that the saw-mill plant and fixtures had been sold by the -plaintiffs to the deceased, who was in possession; and that the plaintiffs, thereafter, operated same as the employés of the deceased and for his account; hence he prays the dissolution of plaintiff’s injunction at his cost. His answer to the amended petition is a general denial.
On the trial there was judgment in favor of the plaintiffs, recognizing their ownership of the entire plant and property claimed— perpetuating their injunction; and from that judgment the administrator has appealed.
In this court the plain iffs and appellees have filed a motion to dismiss this appeal, on the ground that the judgment appealed from has been acquiesced in. They aver that “they are in the peaceable, undisturbed possession of the property- — -the subject of the controversy herein — and have been in possession thereof since the rendition of the judgment herein appealed from. That they took possession of said property with the full knowledge and consent of the defendant, G. B. Haynes, administrator; and that said defendant has fully acquiesced in said judgment and consented to the execution of the same.” Wherefore they pray that the appeal be dismissed.
The truth of the statement made in the motion is affirmed on the oath of one of the appellees.
Of course the appeal should be dismissed if, as the appellee’s motion declares, the appellant has acquiesced in the judgment rendered and consented to its execution since same was rendered. If, indeed, *1232 the plaintiffs have been allowed to take open, peaceable and undisturbed possession of the property in dispute, as owners, with the full knowledge of the defendant administrator, that is the end of the case and there is nothing further left for us to decide.
But manifestly these'are questions en pais, which require the administration of proof in the court of original jurisdiction — nothing appearing on the face of the transcript in respect to transactions ■occurring since the judgment was rendered in the court a qua.
For this purpose the cause must halt where it is until such proof is administered, and the cause must be remanded for that purpose.
It is therefore ordered, adjudged and decreed that the cause be remanded in its present situation to the court a qua, with instructions to the judge of the lower court to hear proof in regard to the defendant’s acquiescence in the judgment, so that further proceedings can be had in the cause according to law; and it is further ordered that further proceedings herein be stayed until the further order of this court.