(116 So. 394)

No. 27095.

**LIEBER et al. v. LEVY et al.**

March 12, 1928.

*(Syllabus by Editorial Staff.)*

Mechanics' liens ⊙➞160—Petition to cancel recordation of mechanics' liens, not filed within 30 days after labor was performed, stated no cause of action (Act No. 139 of 1922, §§ 2, 5).

Petition for mandamus to compel cancellation from mortgage records of liens for material and labor against plaintiff's property, alleging invalidity of liens for failure to record them within 30 days after material was furnished or labor performed, *held* not to state cause of action, since Act No. 139 of 1922, §§ 2, 5, requires liens to be recorded within 30 days after registry of notice by owner of acceptance of work or of contractor's default, or recordation of architect's certificate of completion.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Mandamus by Philip Lieber and others against W. M. Levy and others. From a judgment dismissing the suit, plaintiffs appeal. Affirmed.

Spearing & Mabry, of New Orleans, and Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant Lieber.

F. G. Thatcher and Cook & Cook, all of Shreveport, for appellees Robinson-Slagle Lumber Co., Inc., Fitzgerald Plumbing Co., Shreveport Long Leaf Lumber Co., and Meriwether Supply Co.

ROGERS, J. This is a proceeding in which the plaintiffs seek by way of mandamus to compel the cancellation from the mortgage records of the parish of Caddo of certain liens for material and labor inscribed against their property. The court below dismissed the suit on exceptions of no cause of action, and from this judgment plaintiffs appealed.

It is conceded in the briefs filed on behalf of the respective parties litigant that the issue between them is governed by the provisions of Act 139 of 1922, which was repealed by Act 298 of 1926.

Plaintiffs' petition sets forth, substantially, that they are the owners of a certain lot of ground in the city of Shreveport; that on January 15, 1924, they entered into a contract with the A. & M. Construction Company, to erect a dwelling house thereon; that the contract was not reduced to writing and recorded, and no bond was exacted by them of the contractor; that the building was completed on or about March 15, 1924; that certain furnishers of material and labor recorded their claims, copies of which are attached; and that the so-called liens are null and void for the reason that they were not recorded within 30 days from the time the material was furnished or the labor performed.

Section 2 of Act 139 of 1922 provides, among other things, as follows, viz.:

"Every person having a claim against the undertaker, contractor, master mechanic or contracting engineer shall after the date of the completion of the said work by, or the date of default of the undertaker, contractor, master mechanic or contracting engineer, mail or otherwise send a sworn itemized statement thereof to the owner or his architect or other representative, and record a sworn statement of

the amount thereon, or his contract, if it has been reduced to writing, in the office of the recorder of mortgages for the parish in which the said work has been done *within thirty days after the registry of notice with the recorder of mortgages for the parish where the work is done, by the owner of his acceptance of the work or of the contractor's default, or the recordation of the architect's certificate of completion, until which time the delay to file claims * * * shall not run.*" (Writer's italics.)

And section 5 of the statute provides:

"* * * If the bond is found to be insufficient in amount or not to have a proper and solvent surety, *or if the owner fails to require a bond, or if he fail to record the contract and bond * * ** he shall be liable to * * * workmen, laborers, and mechanics and furnishers of material to the same extent as the surety would have been. *And the privilege hereinbefore provided for if recorded as provided in section 2 hereof, shall remain in full force and effect until all claims against the building * * * shall have been paid. * * *"* (Writer's italics.)

In construing the allegations of the petition with reference to the provisions of the statute above quoted, we find that plaintiffs entered into a verbal contract, without bond, for the construction of their dwelling house, hence there was no recordation of the contract or bond; that the building was completed on or about March 15, 1924, since which date the claims of the defendants were recorded. But nowhere in the petition do we find any allegation as to when their written acceptance of the building was recorded by the owners, or, in point of fact, that any such acceptance was ever recorded. The averment, in the petition, that the liens were not recorded within 30 days from the time the material was furnished or the labor performed is not the same as alleging, as required by the statute, that they were not recorded within 30 days after the registry of notice with the recorder of mortgages by the owner of his acceptance of the work or of the contractor's default, or the recordation of the architect's certificate of completion. Non constat that

the liens of the defendants were not recorded within the delay fixed by the statute.

We agree in the conclusion reached by the district judge, that plaintiffs' petition fails to disclose a cause of action.

Our decision in Capital Building & Loan Association v. Carter, 164 La. 388, 113 So. 886, is not in conflict with the views hereinabove expressed.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellants.