(131 So. 680)

**GREATER NEW ORLEANS HOMESTEAD ASS'N v. KORNER.**

No. 30795.

Dec. 1, 1930.

Monroe & Lemann, J. D. Dresner, and Walter J. Suthon, Jr., all of New Orleans, for petitioner.

John E. Jackson and Baldwin J. Allen, both of New Orleans, for Jordy Bros. Slate Co.

Frank W. Hart, I. F. Williams, and B. J. Allen, all of New Orleans, for respondent.

LAND, J.

Relator foreclosed a vendor's lien and special mortgage executed by the defendant in favor of relator to secure defendant's note for $3,000.

Under the writ of seizure and sale issued in the foreclosure proceedings, the property covered by the vendor's lien and special mortgage was adjudicated to relator by the civil sheriff for the parish of Orleans for the sum of $1,100, an amount insufficient to satisfy the writ.

The civil sheriff thereafter appeared in the foreclosure proceedings and filed a rule to cancel the inscriptions of record in the mortgage office for the parish of Orleans against the property sold, and to distribute the proceeds of the sale.

The rule listed all of the inscriptions of record in the mortgage office affecting the property, including the vendor's lien and special mortgage in favor of relator for $3,000, recorded in Mortgage Book on November 2, 1925, and a lien and privilege claimed by Jordy Bros. Slate Company for the sum of $273.44, recorded in Mortgage Book on February 5, 1926.

The rule was tried on May 6, 1927, in the civil district court for the parish of Orleans, and judgment was rendered therein ordering the cancellation of all of the inscriptions, and decreeing that the claim of Jordy Bros. Slate Company, to the extent of $109.38, should be paid out of the proceeds of the sale by preference and priority over the claim of relator under the vendor's lien and special mortgage in its favor.

Relator perfected a timely suspensive appeal from said judgment to the Court of Appeal for the Parish of Orleans, which sustained a motion to dismiss the appeal, 14 La. App. 282, 128 So. 49, 50, upon the allegation that the attorney for relator "had approved and consented to the judgment," from which relator's appeal was taken.

It is stated by the Court of Appeal in its opinion that:

"When the case was called for trial in the lower court, the issue having been presented by a rule taken by the civil sheriff through his attorney, the late W. O. Hart, to rank the claim of creditors and distribute certain proceeds in his hands, all parties being represented by counsel including the present appellant, the following admission was dictated in the record:

" 'It is admitted that the amount due Jordy Bros. Slate Company is only 40% of the amount shown on the records in the mortgage office, 60% thereof having been paid.'

"Counsel for Jordy Bros. Slate Company, believing that the amount and rank of its claim had been consented to and agreed upon, presented no further proof in support of it, and the court, evidently being of the same opinion, rendered judgment accordingly, in the sum of $109.38, that amount being 40 per cent. of its recorded lien, whereupon this appeal was taken. It seems clear to us that it was the intention of counsel to consent to, and that the effect of his admission was to establish his acquiescence in, the judgment which was rendered below. We cannot ascribe any other reason for the admission, which is unequivocal and unqualified.

"We are of the opinion that the motion to dismiss the appeal may properly be considered by us, and that it should be maintained.

"For the reasons assigned, the motion to dismiss the appeal is maintained, and this appeal dismissed."

The judgment appealed from does not pretend to be a judgment entered by consent of the parties, or upon the confession of the defendant. It is in the usual form of judgment in litigated cases.

The record shows the timely taking of a suspensive appeal, and, consequently, there is no pretense in this case that the judgment was voluntarily executed after its rendition.

The only evidence upon which the Court of Appeal acted in dismissing the appeal is the admission made on the trial of the case by counsel for relator.

We do not agree with the Court of Appeal, either as to the nature or as to the extent of the admission in question. It may well be that defendant was indebted to Jordy Bros. Slate Company in the amount claimed, or in the smaller amount admitted to be due; but it does not follow, as a necessary consequence of the existence of this indebtedness, that Jordy Bros. Slate Company has a lien or privilege on the property priming and outranking the previously recorded vendor's lien and special mortgage in favor of relator. The concurrence by relator's counsel in the admission that a certain sum is due Jordy Bros. Slate Company is not a confession of judgment by relator on the issue of the relative rank and priority of the mortgage office inscriptions.

It is expressly provided in article 567 of the Code of Practice that:

"The party against whom judgment has been rendered cannot appeal:

"If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily."

Our conclusion is that the record now before us shows neither confession as to the superior rank of the privilege of Jordy Bros. Slate Company, nor consent to the judgment as rendered, nor acquiescence in the judgment by voluntary execution on the part of relator.

■ Counsel for Jordy Bros. Slate Company, however, does not rely solely upon the admission appearing in the record as the ground for the dismissal of the appeal, but alleges in the motion to dismiss: "That the Greater New Orleans Homestead Association, through its counsel, J. D. Dresner, was present on the trial of the rule in the Civil District Court; he was familiar with the statement of facts surrounding this particular judgment, *and that the judgment as contained in this record was drawn and submitted to said Attorney for Appellant for his approval and that he approved said judgment and consented thereto.*"

There is no evidence in the present record to establish the fact of consent to the judgment, as alleged in the italicised portion of the motion to dismiss the appeal, and this court cannot sit as one of original jurisdiction to try the issue here raised. Succession of Elizabeth Carroll, 32 La. Ann. 141; State v. Strong, 32 La. Ann. 173; Brown v. Haynes, 46 La. Ann. 1230, 15 So. 638; Raines v. Dunson, 143 La. 321, 78 So. 574.

It is ordered that the judgment of the Court of Appeal for the Parish of Orleans, dismissing the appeal, in this case, be set aside.

It is now ordered that this case be remanded to the Court of Appeal for said parish, and be reinstated upon the docket of said court, with instructions to remand the case to the lower court for the purpose of taking testimony upon the alleged acquiescence by relator in the judgment appealed from, in order that

a proper disposition of the case may be made by the Court of Appeal for said parish.

O'NIELL, C. J., is of the opinion that the decree of this court should go no further than to overrule the motion to dismiss the appeal.