## GREATER NEW ORLEANS HOMESTEAD ASS'N v. KORNER.

### No. 11088.

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1932.

See, also, 14 La. App. 282, 128 So. 49; (La. App.) 142 So. 863.

J. D. Dresner, Monroe & Lemann, and Walter J. Suthon, Jr., all of New Orleans, for appellant.

John E. Jackson and Baldwin J. Allen, both of New Orleans, for appellee.

JANVIER, J.

This litigation grows out of the foreclosure of a vendor's lien mortgage held by the Greater New Orleans Homestead Association.

At the sale the property was adjudicated to plaintiff for $1,100, which amount was insufficient to pay the claims recorded against the property and, accordingly, the civil sheriff, by rule, called upon those who had recorded their claims to assert their respective rights to the said fund.

On the rule judgment was rendered under which the claim of Jordy Bros. Slate Company for $109.38 was ordered paid by preference and priority over the claim of plaintiff, the holder of the vendor's lien mortgage. Plaintiff has appealed.

Various phases of the litigation have heretofore been before us, and one question incidental to that now under consideration has been decided by the Supreme Court. Greater New Orleans Homestead Association v. Korner, 171 La. 587, 131 So. 680.

When Jordy Bros. was called upon to assert its claim for priority, counsel for that claimant, laboring under the impression that the said claim of his client was not contested either with regard to the amount or with reference to the asserted priority, offered little proof in support of the claim and relied upon an agreement of counsel reading as follows:

"It is admitted that the amount due the Jordy Bros. Slate Company is only forty percent of the amount shown as recorded in the Mortgage office, Sixty percent thereof having been paid."

When judgment was rendered below recognizing the preferential right of Jordy Bros., plaintiff, as we have said, appealed, and Jordy Bros. sought the dismissal of the appeal, contending that the said judgment had been rendered by consent or agreement and that no appeal could be taken therefrom. The Supreme Court, however, in the decision to which we have referred, held that the agreement did not necessarily constitute a consent to the judgment as a whole, but might be construed as merely an agreement as to the amount due, and that court remanded the matter for the taking of testimony with regard to whether or not the agreement contemplated a priority of preference in favor of Jordy Bros., in other words, whether it was the purpose of counsel when they made the agreement to consent not only to the amount of the judgment, but also to the priority of the said claim of Jordy Bros.

When the additional evidence had been taken and transmitted by the district court to this court, we held that it had not been intended to consent to the priority; that to that extent the judgment had not been rendered by consent; and that, therefore, the matter might be considered on appeal.

Since the judgment so far as the priority granted Jordy Bros. is concerned did not result from consent and since that judgment is now before us on appeal, it behooves us to examine the record to determine whether there is evidence warranting the granting of preferential rights to Jordy Bros.; appellant contending that there is no such evidence in the record.

We find that the vendor's lien mortgage was recorded in the mortgage office on November 2, 1925, whereas the materialman's lien asserted by Jordy Bros. was not recorded until February 5, 1926, more than two months later than the first above referred to recordation.

It also appears that the lien asserted by Jordy Bros. was recorded against property bearing a slightly different description than that which appears in the recordation of the vendor's lien mortgage, and in the record there is no proof whatever to explain this inaccuracy in description nor to show why a materialman's lien should prime a vendor's lien mortgage recorded more than two months earlier.

■ It is evident, of course, that the mere existence of a materialman's lien cannot affect the rights of others unless recorded in the proper manner and within the time prescribed by law, for in section 19 of article 19 of the Constitution of 1921 we find that:

"No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law. * * *"

■■ At the time at which the claim of Jordy Bros. arose the rights of materialmen in situations of this kind were regulated by Act No. 139 of 1922. In that statute there is ambiguity as to the time within which privileges must be recorded if they are to enjoy paramount rights over pre-existing incumbrances, but it has been definitely settled that the materialman, if his privilege is to prime the pre-existing mortgage, must record it within thirty days after the completion of the building if there is no building contract (Capital City B. & L. Ass'n v. Carter, 164 La. 388, 113 So. 886; Central Lumber Co., Inc., v. Schroeder, 164 La. 759, 114 So. 644), and that the recordation must be made within thirty days from the date of the recordation of the acceptance of the work, if there is a building contract. Lieber v. Levy et al., 165 La. 949, 116 So. 394; Union Homestead Ass'n v. Foster, 168 La. 369, 122 So. 68; Union Homestead Ass'n v. Montegut, 168 La. 369, 122 So. 68.

As we have stated, we find in the record no evidence which would justify a finding that the asserted lien here was recorded within a time which would entitle it to preference over the pre-existing mortgage. The record does not show whether there was or was not a building contract. It does not show whether there was an acceptance recorded and, in fact, none of those facts from which the preference might result appear.

It is possible that facts which at this time do not appear in the record may be shown and which will justify the asserted preference in favor of the materialman's lien as against the mortgage and, in view of the suggestion of counsel for appellant, that the matter be remanded to the district court so

that such proof, if available to appellee, may be offered, we have concluded to set aside the judgment appealed from and to remand the matter that all available evidence with reference to the asserted priority may be introduced, and we believe that the ends of justice will be best served by this course.

It is therefore ordered that the judgment appealed from be and it is annulled, avoided, and reversed, and that the matter be now remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.