HARDY, Judge.
Plaintiff brought this suit to recover the sum of $291.21 representing the value of gasoline, oil and other materials sold to and used by the defendant in drilling operations on certain property known as the Arthur Gray Lease in Caddo Parish, Louisiana. Plaintiff claimed a lien and privilege on a steam drilling rig and appliances appurtenant thereto as particularly described in his petition, and sued out a writ of provisional seizure.
Judgment by default was rendered in favor of plaintiff, which judgment recognized the lien and privilege, maintained the writ of provisional seizure, and ordered the sale of the property seized thereunder to effect payment of the judgment out of the proceeds thereof by preference over the claims of all other creditors of the defendant.
Pursuant to the above judgment the property in question was advertised by the Sheriff of Caddo Parish to be sold on December 11, 1946. On the date of, but prior to the holding of the sheriff’s sale, a petition of third opposition was filed by Caddo Monarch Gas Company, Inc. under which a temporary restraining order and rule to show cause why a preliminary injunction should not issue were obtained This application was not contested, the rule was made absolute, and an order issued, temporarily restraining the Sheriff from proceeding with the sale.
An exception of no cause or right of action directed to the petition of third opposition was filed by plaintiff, which exception was sustained by the district court after hearing thereon, and there was. judgment dismissing the opposition, from which third opponent prosecutes this appeal.
The well pleaded pertinent allegations of the petition of third opposition, which must be accepted under the exception, are to the effect that third opponent purchased the drilling rig and its appliances in question from the defendant, O. C. Moss, which purchase was evidenced by a bill of sale in the form of an authentic act dated July 24, 1946. On and prior to July 24, 1946, third opponent removed the purchased equipment from its location on the Arthur Gray Lease in Section 34, Township 22 North, Range 16 West, Caddo Parish, Louisiana, to third opponent’s Logan Lease in Section 26, Township 21 North, Range 15 West, Caddo Parish, Louisiana. On September 12, 1946, plaintiff filed a lien against defendant, in the amount of his claim, which was duly re *413 corded in Mortgage Book 321, page 807 of the Mortgage Records of Caddo Parish, Louisiana.
It is evident from the above facts that, although the lien was filed within the period provided by law as particularly set forth in Act No. 68 of 1942, the filing, nevertheless, took place almost two months after .the property had been sold to the third opponent and removed by him from the lease against which plaintiff’s lien was effective.
The sole issue raised by the exception filed on behalf of plaintiff is whether or not plaintiff’s lien and privilege was enforceable against the drilling rig and appliances which had been removed, prior to the recordation of the lien, from the lease where the lien accrued.
In a written opinion assigning reasons for his judgment maintaining the exception the District Judge predicated his holding upon the proposition that plaintiff’s lien was recorded within the period provided by law and that it therefore affected third persons even during the period in which it was not recorded, under the provisions of Section 19 of Article 19 of the Constitution of 1921. In support of the doctrine that such a lien affects property even in the hands of third persons who acquire the same prior to the actual recordation of the lien the following cases were cited: Gleissner v. Hughes, 153 La. 133, 95 So. 529; Capital Building & Loan Ass’n v. Carter, 164 La. 388, 113 So. 886; Central Lumber Co. v. Schroeder, 164 La. 759, 114 So. 644; Greater N. O. Homestead Ass’n v. Korner, La.App., 144 So. 507; Union Homestead Ass’n v. Montegut, 168 La. 369, 122 So. 68.
The contentions which plaintiff advances in support of his exception may be briefly summarized as follows:
(A). Plaintiff, as the furnisher of supplies and materials used in the drilling of a well, under the provisions of Section 1 of Act No. 68 of 1942, Dart’s Statutes § 5101.6, was accorded a lien and privilege on the lease where the well was located and on property situated thereon.
(B). Plaintiff timely filed for record a notice of his lien in accordance with and within the period provided in Section 2 of the Act above referred to, Dart’s Statutes, § 5101.7.
(C). That under the provisions of Section 4 of the same Act, ’Dart’s Statutes, § '5101.11, plaintiff was accorded the right to enforce his lien upon the property involved in this suit by provisional seizure and sale thereof.
There can be no reasonable ground for argument as to the correctness of the principles on which plaintiff’s claims are predicated as summarized under (A) and (B) above. But it is with reference to plaintiff’s rights as to the enforcement of his lien and privilege that brings into question the correctness of his position under (C) above.
In other words, it is to be readily perceived, in a consideration of this matter, that plaintiff’s right to a lien and privilege accrued with the furnishing of the materials during the months of June and July of 1946, and thereupon attached to and became effective against the lease and the property situated thereon under the plain provisions of the Act.
The only question left fo.r determination is whether the Act authorizes the enforcement of plaintiff’s lien and privilege against property that had been removed from the leased premises prior to the recordation of notice of the lien.
It is obvious, and the point is conceded by counsel for third opponent, that the question of ownership as affecting plaintiff’s rights herein, is not at issue, since the change in ownership of itself could have no effect upon plaintiff’s rights.
Determination of the issue presented must be governed solely by a construction of the provisions of Act No. 68 of 1942 to which reference has been made above.
This lien statute, being in derogation of common rights, is stricti juris, and, accordingly, its provisions must be strictly construed. The authority for this provision is abundant and we mention only a few of the cases which support this principle : Southport Petroleum Co. v. Fithian, 203 La. 49, 13 So.2d 382; Robin v. J. Thomas Driscoll, Inc., La.App., 197 So. 307; Sklar v. Lilly-Thompson Drilling Co., *414 D.C., 45 F.Supp. 470, 472; Rester v. Moody & Stewart, 172 La. 510, 134 So. 690.
Since, as we have above noted, the resolution of the question presented by this matter turns not upon the attachment of the lien but upon the provisions for the enforcement thereof, we refer to that portion of the Act, Section 4; Dart’s Statutes, § 5101.11, which governs the enforcement of the lien and privilege. The section in its entirety reads as follows: “Enforcement by seizure — No bond required. — Any person, firm, corporation or association of persons having a lien and privilege, as provided herein, suing for wages, or any other amount due for such labor or service, or any person, firm, corporation or association of persons having a lien and privilege, as provided herein, for trucking, towing, barging, repairing or furnishing fuel, drilling rigs, standard rigs, material or supplies, shall have the right to enforce said lien and privilege by provisionally seizing the oil, the lease and well or wells, drilling rigs, standard rigs, machinery, equipment, appurtenances, appliances, buildings, tanks and all other structures situated thereon for the drilling equipment and operation of same, on which he has a lien and privilege, by making oath to the amount due, and such person, firm, corporation or association of persons performing service, such furnisher of fuel, material or supplies, and such person, firm, corporation or association of persons doing or performing such trucking, towing, barging, or repairing, as herein provided, shall not be required to furnish any bond in order to obtain the issuance of the writ of provisional seizure.”
For purposes of emphasis and clarity we summarize that portion of the wording of the section above set forth in full which is applicable under the facts of this case, as follows: “ * * * any person * * * having a lien and privilege, as provided herein, for * * * furnishing fuel, * * * material or supplies, shall have the right to enforce said lien and privilege by provisionally seizing * * * the lease, * * * drilling rigs, * * * machinery, equipment, appurtenances, appliances, * * * situated thereon for the drilling equipment and operation of same, on which he has a lien and privilege * ⅝ * »
The language used by the Legislature appears to be clear and unambiguous. If the intent had been to give the right of enforcement, regardless of location or change in location of the properties affected, such a purpose could have been easily and readily effected by a very slight change in the wording of this portion of the statute. But, inasmuch as the Legislature did not provide for the enforcement of the lien against all properties that had been located thereon at the time of the accrual of the lien and privilege, it seems reasonable to conclude that it was the intent to limit the enforcement of the lien and privilege to the lease and such properties as remained located thereupon.
It seems clear to us, being bound to a strict construction of the provisions of the Act, that plaintiff had the right to the enforcement of his lien and privilege through the means of provisional seizure against the property in question in this suit only so long as such property remained situated upon the lease.
The corollary to this proposition is that by permitting the removal of property from the lease on which the lien had accrued, before filing notice of his lien, plaintiff lost his right to the enforcement thereof against and upon such property.
We point out that the facts herein readily distinguish this case from the facts in the cases cited in the opinion of our learned brother of the District Court, as referred to supra. The cases cited by the trial Judge all involved mechanics’ liens established and enforceable under the provisions of an act which created such liens upon the property and the buildings and improvements thereon. There was no question in any of these cases, and by reason of the characteristics of permanence and immovability of the property involved there could not have been any question, as to the right of the lienors to follow and to assert and enforce a privilege upon property removed from the premises where the same had accrued.
*415 Nor do we discern the applicability of that provision of Section 19 of Article 19 of the Constitution of 1921 to the effect that “Privileges on movable property shall exist without registration of same except in such cases as may be prescribed by law” since the remedy of the lienor in this instance is indisputably governed by the provisions of the special act which dearly falls within the exception set forth in the above quoted extract of the constitutional proviso.
For these reasons we are of the opinion that the exception was improperly maintained, and, accordingly,
It is ordered, adjudged and decreed that the judgment appealed from be and it is hereby reversed and set aside, and there is now judgment overruling the exception of no cause or right of action filed by plaintiff.
There is further judgment remanding this case to the lower Court to be proceeded with in accordance with law and in conformity with the opinions expressed herein.
All costs of this appeal shall be borne by plaintiff-exceptor.
KENNON, J., absent.