JOEL CURTISS, TRUSTEE, *vs.* LOGAN HAZEN.

New Haven Co., Dec. T., 1887.   PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The act of 1878 (Gen. Statutes, 1888, § 3010,) provides that the foreclosure
of a mortgage shall be a bar to any further action on the mortgage
debt, unless the persons liable for the payment thereof are made par-
ties to the foreclosure suit.  Held to apply only to foreclosure proceed-
ings instituted after the act took effect.

The changes in the language of our statutes with regard to what shall con-
stitute a negotiable note (compare Rev. of 1866, p. 599, sec. 1, with Rev.
of 1875, p. 343, sec. 1, and Gen. Statutes, 1888, § 1858,) have not changed
the law on the subject.  A note to be negotiable must be payable to a
person or his order or to bearer.

[Argued December 8th—decided December 30th, 1887.]

ACTION on two notes held by the plaintiff as statutory
trustee for his wife, the payee of the notes ; brought to the
District Court of Waterbury and tried to the court before
*Bradstreet, J.*  Judgment for the plaintiff and appeal by
the defendant.  The case is fully stated in the opinion.

*G. E. Terry*, for the appellant.

*J. J. Jennings*, for the appellee.

CARPENTER, J.   This is an action on notes given in 1869.
Two answers are filed.   1st. That more than six years have
elapsed since the execution and delivery of the notes, and
that the action is barred by the statute of limitations.
2d. A special defense, that other parties mortgaged real
estate to secure the notes, that the plaintiff foreclosed the
mortgage in 1871, and that the defendant was not made a
party to the foreclosure suit.  A demurrer to the special
defense was sustained by the court, and the defendant
answered over.  On the trial the court found the issue for
the plaintiff and the defendant appealed.

Curtiss v. Hazen.

The first reason of appeal is that the court erred in sustaining the demurrer. In the defendant's brief the question is stated thus :—" Whether the foreclosure proceedings without making the defendant a party thereto, and the appropriation of the mortgaged premises, are a bar to this action."

Prior to 1833 the appropriation of the property mortgaged, by a foreclosure, extinguished the mortgage debt. In that year an act was passed by which the creditor might recover the difference between the debt and the value of the premises—the value to be ascertained by the court trying the case. In 1878 an act was passed barring the action unless the debtor is made a party to the foreclosure suit, and further providing that any party to that suit may move for a committee to be appointed by the court to appraise the property at the time the decree becomes absolute, which appraisal is made conclusive on all the parties. The claim now is that that act governs this case, and that inasmuch as the defendant was not made a party to the suit for a foreclosure he is not liable in this action. That claim, if sustained, would give to the act of 1878 an effect which the legislature did not contemplate, requiring a party to conform to its provisions years before the act was passed. We think a more reasonable construction of that act would be to limit its operation to cases in which the foreclosure proceedings were instituted after the act took effect. It would be manifestly unjust and therefore unreasonable to apply it to a case in which the foreclosure was complete seven years before the act was passed. It matters not that there were seven years in which a suit might have been brought in this case ; in another case there may be but seven days. Such a principle, if sanctioned, would introduce into our law a novel kind of a limitation.

In *Windham Co. Savings Bank* v. *Himes*, 55 Conn., 433, a case where the foreclosure suit was brought after the act of 1878 took effect, and the defendant was made a party thereto, but neither party moved for a committee to appraise the premises, this court held that the later statute did not wholly repeal the prior one, and that the value might be ascertained

under the former statute. The claim made in this case goes far beyond the claim made in that. We are now asked to so construe the act of 1878 as to take away a right of action which existed when that act went into operation. This we cannot do without overruling that case.

We have no occasion to controvert the principle that when a remedy is given by statute it may be repealed, and that in some cases a right of action may be destroyed. Nor need we say that that principle is limited to penal statutes and actions; for in this case the plaintiff's right of action is based on substantial equity. The claim is a meritorious one. The common law did injustice, to prevent which the statutes were passed. They should not be so construed as to defeat the object and perpetuate the wrong. We will not presume that the legislature intended to take away a right of action in such a case unless such intention is clearly expressed. It is not so expressed here.

The second reason of appeal is but another form of stating the first and has been sufficiently noticed.

In their brief the counsel for the defense claim that inasmuch as there is no reply to the answer setting up the statute of limitations, it is admitted, and on that ground judgment should have been rendered for the defendant. There are two answers to this claim, either one of which is sufficient. 1. The record does not show that the question was made in the court below. If it had been we cannot doubt that there would have been a formal reply, which would have set the question at rest. 2. It is not assigned as error in the reasons of appeal.

The third reason of appeal is, that the court erred in holding that the notes were not barred by the statute of limitations. This question is stated in the brief for the appellant as follows:—"Whether the notes are negotiable so that the expiration of six years would bar a recovery, or are non-negotiable so as to require a longer time."

These notes were made payable to Ellen T. Young, the words "or her order," or "or bearer," being omitted. It is conceded that under the statute as it was until the revision

of 1875 such notes were not negotiable. We would remark, *in limine*, that these notes were given in 1869, and of course were not negotiable when given. We should hesitate to hold that a subsequent change of the statute made them negotiable. But aside from that, we are satisfied that the legislature did not intend by the change to change the meaning of the statute. In the revision of 1866 a note is negotiable which is "payable to any person or his order, or to the bearer, * * * *according to the custom of merchants and the law relating to inland bills of exchange.*" The change consists in omitting the words in italics. As this court decided, (*Backus* v. *Danforth*, 10 Conn., 297,) that a note payable to a particular person, and not to his order or to bearer, was not negotiable, and as such was universally understood to be the law by business men and the profession, we think the words were omitted because they had come to be without meaning and were therefore unnecessary. Moreover, we think the statute as it now is, "payable to any person or his order, or to the bearer," in view of former decisions and of the general understanding of the law, may well be construed as requiring that the note should be payable to the order of a person, or to the bearer, in order to be negotiable.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.