## MARK A. CAPUTO *vs.* JOSEPH DiLORETTO.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 29th, 1929—decided January 6th, 1930.

*Lewis J. Somers,* for the appellant (plaintiff).

*Denis T. O'Brien, Jr.,* and *George E. Beers,* with whom was *William L. Beers,* for the appellee (defendant).

BANKS, J. This action was brought by writ dated March 21st, 1927, upon a promissory note which reads as follows:

"$244.00 Columbus, Oct. 30, 1920.

Thirty days after date for value received I promise
to pay to the order of M. A. Caputo, two hundred
and forty-four dollars with interest at the rate of 7%
per centum per annum at 266 N. High St., and I
hereby authorize any attorney at law to appear in any
court of record in the United States after the above
obligation becomes due and waive the issuing and
service of process and confess a judgment against . . .
in favor of the holder hereof, for the amount then
appearing due, together with costs of suit, and there-
upon to release all errors and waive all right of appeal.

[Signed]    Joseph DiLoreto    [Seal.]

. . . . . . . . . . . . . . . . . . . . . . .    [Seal.]

. . . . . . . . . . . . . . . . . . . . . . .    [Seal.]"

The defendant filed a general denial, but upon the
trial admitted the execution of the note, and that it
had not been paid. In a second defense he pleaded
that the right of action upon the note did not accrue
within six years next before the commencement of the
action. The plaintiff, in reply, denied the allegations
of the second defense. Since the note fell due Novem-
ber 29th, 1920, and this action was not commenced
until March 21st, 1927, and no new acknowledgment
was pleaded, the plaintiff could not truthfully deny the
allegation that the right of action did not accrue with-
in six years prior to its commencement, and the de-
fendant was entitled to judgment under his second de-
fense upon the face of the pleadings. Both the court
and counsel have treated the pleadings as though the
question whether the action upon this note was sub-
ject to the six-year statute of limitations (General
Statutes, § 6153) or the seventeen-year statute (Gen-
eral Statutes, § 6151), had been raised by demurrer
to the second defense and we will so treat it.

General Statutes, § 6151, provides: "No action shall
be brought upon any contract under seal, or promis-

sory note not negotiable, but within seventeen years next after an action on the same shall accrue." General Statutes, § 6153, provides: "No action for an account, or for a debt due by book to balance book accounts or any simple or implied contract, or upon any contract in writing not under seal, except promissory notes not negotiable, shall be brought but within six years next after the right of action shall accrue." The note in question is a negotiable instrument although it bears a seal. General Statutes, § 4364. Action upon it is controlled by § 6153 unless, because the word "seal" follows the signature of the maker, it is to be construed as a contract under seal, and thus within the provisions of § 6151.

Whatever its terms may be, an instrument will not be a specialty, or contract under seal, unless it be both signed and sealed by the maker. It is as necessary that the seal be his seal as that the signature be his signature. In other words, he must have performed the act of affixing a seal as his seal as well as the act of executing the instrument by affixing his signature to it. "Whether an instrument is under seal or not is a question for the court upon inspection; whether a mark or character shall be held to be a seal depends upon the intention of the executant, as shown by the paper." *Jacksonville, M. P. Ry. & Nav. Co.* v. *Hooper,* 160 U. S. 514, 519, 16 Sup. Ct. 379.

In ancient times the impression upon wax by the signet ring of the maker of the instrument was as distinctively his personal act as his signature itself. Under modern statutes providing that the addition of the word "seal" or the letters "L. S." shall constitute the paper a sealed instrument, the mere presence of these letters upon the instrument is not necessarily conclusive that the signer has also sealed it. That fact must be proved as well as the fact that the sig-

nature appearing upon the paper is actually the signature of the person which it purports to be. That is unquestionably so under our statute, § 5742 of the General Statutes, in which it is provided: "All instruments in writing executed by any person or corporation not having an official or corporate seal, purporting and intended to be a specialty or under seal, and not otherwise sealed than by the addition of the word 'seal' or the letters 'L. S.', . . . shall be deemed in all respects sealed instruments, and received in evidence as such." The addition of the word "seal" or of the letters "L. S." does not make the instrument a specialty unless the instrument itself, apart from such word or letters, purports to be a specialty, and it appears that it was intended to be such. To constitute such an instrument a contract under seal there must therefore be some recognition of the fact on the face of the instrument, other than the mere addition of such word or letters. The customary phrases, "signed and sealed" or "given under my hand and seal" or some similar phraseology would constitute such a recognition, and the instrument would then be one purporting to be a specialty. The fact that the maker of the instrument himself wrote the word "seal" or the letters "L. S." after his signature at the time that he executed it, or that the instrument was one whose validity was dependent upon its being under seal, might indicate his intention. Here the instrument in question is a negotiable promissory note, not required by law to be under seal and not customarily carrying a seal. The note is upon a printed form, and the defendant's signature is upon one of three lines at the end of each of which appears the printed word "Seal." The instrument does not purport to be a contract under seal, an inspection of it discloses no intention to make it such, nor is there any evidence

*aliunde* as to the intention of the maker. Our decision must depend largely upon our statute (General Statutes, § 5742) and authorities from other jurisdictions are not particularly helpful. They will be found collected in 19 Amer. & Eng. Ann. Cas. 677, in an annotation to *Matter of Pirie,* 198 N. Y. 209, 91 N. E. 587. In that case it was held that "the mere attaching of a seal after the signature upon a promissory note does not raise a presumption that the note is a sealed instrument unless there be a recognition of the seal in the body of the instrument by some sucn phrase as 'witness my hand and seal' or 'signed and sealed'." In *Clarke* v. *Pierce,* 215 Mass. 552, 102 N. E. 1094, relied on by the plaintiff, the note concluded "given under my hand and seal" and the court held that it was manifest that the parties intended it to be an instrument under seal. The plaintiff's right of action accrued more than six years before the commencement of this action, and the trial court was right in directing a verdict in favor of the defendant.

There is no error.

In this opinion the other judges concurred.