# ALROPA CORPORATION
vs.
# WILLIAM P. WERTHEIMER

Superior Court    Fairfield County · · File #55338

MEMORANDUM FILED JUNE 21, 1938.

Benjamin Pokras, of Bridgeport, for the Plaintiff.
William P. Wertheimer, of Waterbury, for the Defendant.

DICKENSON, J.   The complaint sets up four notes of the defendant dated August 10, 1925 at Miami, Florida, payable to one Jennie E. Smith at times varying from 18 months to two years after date, followed by an allegation that in a mortgage deed issued simultaneously by the defendant the defendant "covenanted and agreed" to pay sums of money "payable by virtue of the notes"; that the notes were endorsed and transferred to the Southern Bank and Trust Company on or about May 8, 1926; that thereafter the mortgage was foreclosed and pursuant to the laws of Florida the sum of $2,649.95 from the foreclosure sale was credited; that on December 27, 1937 these notes were assigned to the plaintiff, who is now the holder for value, and there is due thereon this balance with interest after deducting the credit.

The defendant demurs on the ground that the stated cause of action is a suit on the notes which is barred by the Statute of Limitations; that it appears from the complaint that the notes merged in a judgment of foreclosure; that the amount sued for was determined in the foreclosure action in which it does not appear that this defendant was a proper party, and the Court was without jurisdiction.

The notes, which are made a part of the complaint by reference, are negotiable notes. The fact that the word "seal" appears after the maker's name does not change their character. *Caputo vs. DiLoretto*, 110 Conn. 413. The plaintiff depends upon an alleged covenant in the mortgage deed to make them specialties. *Caputo vs. DiLoretto, supra.*

But the mortgage is dead according to its own allegations and nothing left but the notes which were assigned after the foreclosure. While the debt exists in a sense the remedy is barred. *Markham vs. Smith*, 119 Conn. 355; Gen. Stat. (1930) §5080. And as to remedy the law of the forum is applied.

The demurrer is sustained upon grounds 1 and 2.