## U. S. B. & M. LIQUIDATION CORPORATION
*vs.*
## ALCIDE J. DERY ET AL.

Superior Court         Hartford County         File No. 60742

MEMORANDUM FILED JUNE 17, 1941.

*Benjamin A. Markman,* of Hartford, for the Plaintiff.

*A. J. Dery, pro se,* and *S. Burr Leikind,* of Hartford, for the Defendants.

SIMPSON, J. This action was commenced against the named defendant and Cecelia E. Cohen. The named defendant having died since the institution of the action, it is continued against Cecelia Cohen only.

It appears that on April 21, 1928, the named defendant was the owner of certain premises situated and known as 592-594 Main Street, Bristol. On that date the named defendant mortgaged the said premises to the U. S. Bond and Mortgage Company, a Connecticut corporation, to secure the payment of $15,000. On July 2, 1928, the U. S. Bond and Mortgage Company assigned the mortgage and mortgage note to the U. S. Bond and Mortgage Corporation of New York,

and on August 9, 1928, the latter corporation assigned the mortgage and mortgage note to the Guaranty Trust Company of New York, on a collateral agreement for the benefit of bondholders. On the 15th day of August, 1936, the Guaranty Trust Company of New York, upon order of the United States District Court for the Southern District of New York, in bankruptcy proceedings, "In the matter of United States Bond and Mortgage Corporation", in liquidation proceedings, reassigned the mortgage and mortgage note to the plaintiff for the purpose of liquidation.

Sometime before October 15, 1930, the defendant Cecelia Cohen became the owner of the equity of redemption of the premises described in the mortgage.

On October 21, 1930, the Guaranty Trust Company, by its agent, presented to Cecelia E. Cohen, at Bristol, an instrument in writing extending the payment of the note and mortgage to April 21, 1933, and on July 29, 1931, and on October 21, 1931, the Guaranty Trust Company, through its agent, presented instruments to Cecelia Cohen of like tenor and effect as that of October 21, 1930, and at the request of the agent, Cecelia E. Cohen signed the three instruments on the dates mentioned. Under the terms of each instrument the payment of the mortgage and mortgage note was extended to April 21, 1933.

The three agreements contained the following provisions: "The said party of the Second Part [Cecelia E. Cohen] in consideration of the execution of the agreement does hereby agree to pay the principal sum and interest upon the date provided for in the mortgage, except as above provided for, and to comply with all the other terms of said mortgage and this modification agreement, and the said party of the Second Part further covenants that the principal sum and interest, and installments of principal, agreed to be paid, shall be a lien on the above described mortgaged premises."

The mortgage above described was subsequently foreclosed by a prior mortgage holder, and this action is brought on the above stated promise by this defendant.

The payments became due under the agreement on April 21, 1933. This action was commenced on May 20, 1939. The statute of limitations is pleaded.

The plaintiff claims that the instruments sued upon are sealed instruments, or specialties, and that the six-year statute of limitations does not apply, as claimed by the defendant. This constitutes the question to be decided by the court.

The extension agreements do not convey an interest in land, and do not therefore require a seal. None of them was recorded in the town clerk's office. When presented to her, this defendant signed the instruments on "the dotted line" after which were printed the letters "(L.S.)." When presented, so far as appears, the instruments had not been signed by the Guaranty Trust Company, nor were they so signed and acknowledged by the Guaranty Trust Company and its corporate seal affixed until approximately one month, in each instance, after this defendant had signed them.

There was nothing in the instruments themselves which tended to show, when presented to her, that they purported or were intended to be specialties, or documents under seal (Gen. Stat. [1930] §5615). Nor is there any evidence *aliunde* that she intended to adopt and did adopt the letters "(L.S.)" as her seal. These facts, so far as she is concerned, in the opinion of the court, brings the case squarely within the principles stated in the case of *Caputo vs. DiLoretto,* 110 Conn. 413. In that case, the court said, beginning at page 415: "Whatever its terms may be, an instrument will not be a specialty, or contract under seal, unless it be both signed and sealed by the maker. It is as necessary that the seal be his seal as that the signature be his signature. In other words, he must have performed the act of affixing a seal as his seal as well as the act of executing the instrument by affixing his signature to it. 'Whether an instrument is under seal or not is a question for the court upon inspection; whether a mark or character shall be held to be a seal depends upon the intention of the executant, as shown by the paper.' *Jacksonville, M.P. Ry. & Nav. Co. vs. Hooper,* 160 U.S. 514, 519, 16 Sup. Ct. 379.

"In ancient times the impression upon wax by the signet ring of the maker of the instrument was as distinctively his personal act as his signature itself. Under modern statutes providing that the addition of the word 'seal' or the letters 'L.S.' shall constitute the paper a sealed instrument, the mere presence of these letters upon the instrument is not necessarily

conclusive that the signer has also sealed it. That fact must be proved as well as the fact that the signature appearing upon the paper is actually the signature of the person which it purports to be. That is unquestionably so under our statute, §5742 of the General Statutes, in which it is provided: 'All instruments in writing executed by any person or corporation not having an official or corporate seal, purporting and intended to be a specialty or under seal, and not otherwise sealed than by the addition of the word "seal" or the letters "L.S.",....shall be deemed in all respects sealed instruments, and received in evidence as such.' The addition of the word 'seal' or of the letters 'L.S.' does not make the instrument a specialty unless the instrument itself, apart from such word or letters, purports to be a specialty, and it appears that it was intended to be such. To constitute such an instrument a contract under seal there must therefore be some recognition of the fact on the face of the instrument, other than the mere addition of such word or letters. The customary phrases, 'signed and sealed' or 'given under my hand and seal' or some similar phraseology would constitute such a recognition, and the instrument would then be one purporting to be a specialty."

In view of the foregoing it is the conclusion of the court that the promises sued upon are not documents under seal or specialties so far as Cecelia E. Cohen is concerned, and that the statutory period of six years applies, and that that period having expired when this action was brought, no recovery can be had upon the promises.

Judgment for the defendant.