## LUCY D. MAIORANI *v.* WILLIAM MAIORANI ET AL.

SUPERIOR COURT　　　NEW HAVEN COUNTY　　　FILE NO. 79665

Memorandum filed June 18, 1954.

*Charles A. Watrous,* of New Haven, for the plaintiff.

*Stoddard, Persky, Eagan & Cobey,* of New Haven, for the defendants Knute P. Hansen and Knute C. Hansen.

*T. Holmes Bracken,* of New Haven, specially for the defendant William Maiorani.

KING, J. The defendant William Maiorani pleaded in abatement on the ground, in effect, that service had been made upon him only by leaving a copy of the process in a mailbox in the vestibule of the apartment house in which he lived as distinguished from at or within his apartment. It was apparent that the plea sought to invoke the rule of *Cugno* v. *Kaelin,* 138 Conn. 341, 342.

The plea in abatement was filed April 6, 1954, and the plaintiff's answer thereto was filed April 10, 1954. This answer included three special defenses. Thereafter, a motion to expunge certain paragraphs of the special defenses was denied on

May 18, 1954. Within fifteen days thereafter, on June 2, 1954, the defendant filed a reply to the answer.

The plaintiff asks for judgment on the pleadings, dismissing the plea in abatement, on the ground that the reply was filed late under Practice Book, § 82, and should therefore be disregarded as inefficacious, and that thus the allegations of the special defenses of the answer are left admitted for failure (effectively) to deny them, under the rule of Practice Book, § 101. It may be assumed, for the purpose of determining the instant motion for judgment, that the plaintiff is correct in claiming that the provisions of Practice Book, § 82, rather than those of Practice Book, § 83, are controlling, and that under Practice Book, § 82, the reply should have been filed within one week after May 18, which would have been on or before May 25.

Connecticut has been outstanding in its liberality with respect to the time allowed for filing all responsive pleadings. Assurance of ample time for such filing has for many years been a concern of our General Assembly. General Statutes § 7843. In 1953 the General Assembly felt the need of even greater liberality and accordingly amended § 7843 by the enactment of § 2370c of the 1953 Cumulative Supplement. The effect of all this is that in Connecticut no responsive pleading need ever be filed unless and until a written motion for nonsuit or default for failure to plead has been heard by the court. This in turn precludes the failure to file such a responsive pleading from being construed as an implied admission of anything.

In consequence the field of implied admission under Practice Book, § 101, is left limited in its operation to allegations which are not denied in a responsive pleading actually on file, as was the case, for

instance, in *Williamson, Ltd.* v. *Perry,* 111 Conn. 317, 324. It perhaps should be noted that if no responsive pleading at all is filed a somewhat similar result can be obtained through the medium of a nonsuit or default for failure to plead. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33.

Here no attempt was made to move for a default for failure to plead under Cum. Sup. 1953, § 2370c. It follows that in the instant matter no failure to deny can be found merely because of a failure to file a reply within the time provided by our rules, even if it be conceded that the provisions of Practice Book, § 82 (allowing one week from the determination of the motion on May 18) rather than those of Practice Book, § 83 (allowing fifteen days) are controlling.

The motion for judgment on the pleadings is denied.