NELSON HARRIS, EXECUTOR *v.* RALPH GRIFFING ET AL.

SUPERIOR COURT NEW HAVEN COUNTY FILE NO. 73953

Memorandum filed October 20, 1955.

*Nelson Harris* and *Charles G. Albom,* both of New Haven, for the plaintiff.

*M. Edward Klebanoff* and *Vincent P. Dooley,* both of New Haven, for the defendants.

KING, J. The plaintiff filed a demurrer to the second and third special defenses of the defendants' answer. In a memorandum of decision, the demurrer, on December 15, 1953, was overruled as to the second special defense but sustained as to the third

special defense. The defendants have made no attempt to amend their answer or otherwise plead over. *Wooster* v. *Jerome,* 131 Conn. 266, 268. The question now is, basically, what the next step should be. This is precipitated by the plaintiff's motion for default for failure to plead over after demurrer sustained to third special defense. See *Wooster* v. *Jerome,* supra, 269.

Obviously a judgment upon default (as distinguished from a default) cannot properly enter, since the plaintiff is entitled to no judgment against the defendants merely because one special defense, in an answer containing several separate defenses, was adjudicated insufficient on demurrer.

The defendants wish to preserve their rights to an appellate review of the ruling on the demurrer. If they voluntarily file a subtituted answer eliminating the special defense which was successfully demurred to, they would waive their right to question the ruling on the demurrer. *Eames* v. *Mayo,* 93 Conn. 479, 489; *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 234.

The instant motion for default for failure to plead over after demurrer sustained should be granted in order to make certain that the issues are finally closed. Practice Book § 83. This is especially important because under the 1953 statute (Cum. Sup. 1953, § 2370c) the defendants' right to plead over after the sustaining of the demurrer continues until the court has heard a proper written motion for default for failure to plead. Practice Book §§ 85, 86. The effect of granting the motion is definitely to ascertain that no further pleadings will be filed by the defendants and that they refuse to plead over. *SanMarco* v. *New Haven,* 100 Conn. 289, 290. As previously pointed out, it is a default, not a judgment upon default, which may properly be entered here. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33.

Unless a jury trial is had, the pleadings would remain as they are. The sustaining of the demurrer removes the pleading successfully demurred to from the case. The plaintiff need address no reply to it. This would be true even if some of the allegations of the special defense successfully demurred to had been incorporated by reference in a pleading remaining in the case. Practice Book § 98.

If a jury trial is had and the court feels that it would be prejudicial for the third special defense to be seen by the jury, it can order it deleted or obliterated from the answer before the pleadings are sent to the jury room. *Guarnaccia* v. *Wiecenski*, 130 Conn. 20, 25. Compliance with such an order by the defendants, even if it took the form of a substituted answer identical with that now in the file except for the omission of the third special defense, the demurrer to which was sustained, would not, of course, be a "voluntary" filing so that it could be claimed to constitute a waiver of a right to an appellate review of the decision sustaining the demurrer; assuming, of course, that final judgment in the case went against the defendants so that the ruling on the demurrer could be considered material and prejudicial.

For the foregoing reasons the plaintiff's motion for default for failure to plead over after demurrer sustained to third special defense of answer is granted, and such a default for failure to plead may enter against the defendants.