Francis S. Beach *v.* Raphael Korff, Executor
(Estate of Charles Hopwood)

Superior Court     Fairfield County     File No. 117750
AT Bridgeport

Memoranda filed May 28 and June 18, 1963

*Irving H. Stroh,* of New Haven, for the plaintiff.

*Raphael Korff,* of Bridgeport, for the defendant.

I

FitzGerald, J. Plaintiff has appealed from the doings of commissioners appointed by the Probate Court for the district of Bridgeport in disallowing in toto his claim of $45,000 against the solvent estate of the late Charles A. Hopwood. See General Statutes § 45-211. By way of answer, the defendant executor admitted the allegations of the first four paragraphs of the plaintiff's statement of claim and denied the remaining paragraphs, which contain the crucial allegations in support thereof. So, also, the defendant pleaded a special defense to the effect that the stated cause of action, if any, is barred by

the three-year Statute of Limitations. The plaintiff filed a reply to the interposed special defense which purports to allege matters of avoidance as authorized by § 109 of the Practice Book. The defendant demurred to the reply, and the court *(Comley, J.)* sustained the demurrer in a memorandum filed on April 29, 1963.

The present motion before the court is the defendant's motion for judgment on the pleadings. This motion was filed on May 10, 1963. It is the court's opinion that the within motion, notwithstanding the fact that it was not heard until May 17, 1963, was prematurely filed. Under § 83 of the Practice Book, the plaintiff had fifteen days from the sustaining of the demurrer to his initial reply to file another reply, of a different nature, if he so desired, in an endeavor to close the pleadings. The sustaining of the demurrer on April 29, 1963, removed from the case the subject of his initial reply. Practice Book § 98. *Harris* v. *Griffing,* 20 Conn. Sup. 16, 18.

But apart from the foregoing comments, and even more basic from an operative standpoint, the court is of the opinion that the pending motion for judgment on the pleadings is not the proper conduit of procedure in any event for the defendant to follow. Had the plaintiff in his reply simply admitted the allegations of the defendant's special defense instead of alleging therein matters of avoidance, a motion for judgment on the pleadings might have been in order as a matter of law. See *Del-Vecchio* v. *DelVecchio,* 146 Conn. 188, 190. As pointed out, that is not the situation herein presented. It would appear, and the court so rules, that in the absence of a responsive pleading by the plaintiff to the defendant's interposed special defense, the defendant's remedy is one for nonsuit against the plaintiff for failure to plead to the

special defense on file. Practice Book §§ 85, 86; *Maiorani* v. *Maiorani,* 19 Conn. Sup. 115, 117; *Harris* v. *Griffing,* supra, 17.

Although the defendant's motion is required to be, and is, denied, other recourse is available to the estate, as herein indicated. If it is the intention of the plaintiff to seek an appellate review in regard to the sustaining of the defendant's demurrer to his initial reply to the interposed special defense, the plaintiff can only do so after the entry of a judgment of nonsuit. Any attempt to file another reply of a different nature would result in a waiver of his right to challenge the ruling on that demurrer. *Harris* v. *Griffing,* supra, and cases there cited.

Motion denied for reasons stated.

## II

At the outset of this memorandum on the defendant's motion for nonsuit, reference is made to the foregoing memorandum in connection with the motion of the defendant for judgment on the pleadings, which was then before the court for consideration. To date the plaintiff has not filed another reply in lieu of his initial reply, which was removed by the defendant's demurrer thereto, which was sustained by the court *(Comley, J.)* on April 29, 1963.

In resisting the defendant's present motion for judgment of nonsuit, the plaintiff relies upon a motion for permission to file an amendment to his statement of claim addressed to the Probate Court for the district of Bridgeport on May 10, 1963, a copy of which was sent to the clerk of this court and placed in the file of this case. It does not appear what action, if any, was ever taken thereon by the Probate Court. The plaintiff invokes § 210 of 1 Locke & Kohn, Conn. Probate Practice, and

*Canty's Appeal,* 112 Conn. 457, as authority for this method of procedure and as ground for the denial of the present motion of the defendant in this court.

It is to be noted that the statement of claim now sought to be amended by the plaintiff in the Probate Court was filed in this court on February 23, 1963, as the result of the defendant's motion of February 4, 1963, for dismissal of the appeal for failure to file in this court a statement of claim. Plaintiff's citations do not advantage him. He is not attempting to amend his appeal (see *Canty's Appeal,* supra, 458) but to amend a statement of claim in the nature of a complaint or reasons of appeal, filed in this court. Practice Book § 89. His motion before the Probate Court is superfluous.

The opening sentence of 1 Locke & Kohn, op. cit., § 210, negatives the plaintiff's position. Reference therein is made to what is now § 52-128 of chapter 898 of the General Statutes, concerning pleadings in this court. As already pointed out, the proposed amendment of the plaintiff, submitted to the Probate Court, is not addressed to the appeal itself. This is a distinction that the plaintiff has overlooked.

For reasons stated, the motion of the defendant for judgment of nonsuit against the plaintiff for failure to plead over in this court after the defendant's demurrer to the plaintiff's reply was sustained is required to be, and is, granted. Judgment of nonsuit may enter, with costs to the defendant as an incident.