M-A-C Loan Plan, Inc. *v.* Frank Schabel et al.

Appellate Division of the Circuit Court

File No. CV 6-6612-27947

Argued August 4—decided October 3, 1969

*Francis X. Dineen,* with whom, on the brief, was *Joanne S. Faulkner,* both of New Haven, for the appellants (defendants).

*Eugene J. Dorsi,* of West Haven, for the appellee (plaintiff).

Kosicki, J.  This is an action for the balance due on a promissory note dated November 28, 1955.  The writ, summons and complaint were dated November 23, 1966, and process was served November 25, 1966.  The complaint was filed November 29, 1966.

The defendants filed a general denial and interposed a special defense claiming that the six-year Statute of Limitations under General Statutes § 52-576, as amended in 1959, was applicable.  To this special defense the plaintiff demurred, asserting that the seventeen-year statute applied, since that was the law in effect at the time the note was executed and it was a nonnegotiable instrument, and that, in any event, it was an instrument under seal and thus the longer period of limitation was applicable.

On October 27, 1967, the trial court sustained the plaintiff's demurrer, holding that (1) the Statute of Limitations as of the date the note was executed was applicable, and (2) the note was a contract under seal.  In either case, the court determined, the seventeen-year statute applied and the special defense was unavailing.  On June 18, 1968, the plaintiff moved for a disclosure of defense, pursuant to Practice Book § 176.  The defendants then disclosed

the same defense, namely, the Statute of Limitations, as had already appeared in the answer filed. On January 14, 1969, the plaintiff moved for judgment in accordance with § 176 of the Practice Book, and the motion was granted on February 17. After a hearing in damages, judgment was rendered for the plaintiff on May 19, 1969. The defendants have appealed, assigning as error the court's action (1) in sustaining the demurrer to the special defense; (2) in granting the motion for a disclosure of defense after an answer and special defense had been filed and issues were joined; and (3) in granting judgment for the plaintiff for failure to disclose a defense where a defense had been disclosed. No finding was requested or made.

We shall consider first the last two claims of error as they appear above. The defendants were not required to plead over after a demurrer to the special defense was sustained. They had the right to stand on that decision and have it tested on appeal. "If they voluntarily . . . [filed] a substituted answer eliminating the special defense which was successfully demurred to, they would waive their right to question the ruling on the demurrer. *Eames* v. *Mayo*, 93 Conn. 479, 489; *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 234." *Harris* v. *Griffing*, 20 Conn. Sup. 16, 17. A more orderly procedure would have prompted the filing of a motion for default for failure of the defendants to plead over; *Harris* v. *Griffing*, supra; or a motion by the defendants that judgment be rendered in order that an appeal might be taken from the sustaining of the demurrer. *Grady* v. *Kennedy*, 145 Conn. 579, 583. Otherwise, the sustaining of the demurrer would have removed the special defense from the case. Practice Book § 112; see *State* v. *Sul*, 146 Conn. 78, 83; Maltbie, Conn. App. Proc. § 48.

The parties and the court have proceeded with the appeal on the main issue—whether the ruling on the demurrer was correct. Since no finding was filed, we refer to the memorandum of decision to determine the reasons on which the court based its conclusions of law.

The first conclusion arrived at was that the Statute of Limitations in effect at the time the note was executed was applicable even though the period of limitation had been reduced before the action on the note was commenced. The note in question is dated November 28, 1955. Action was commenced by writ served on November 25, 1966. At the time the note was executed, § 8313 of the Revision of 1949 was in effect. This statute provided that no action shall be brought "on any contract under seal, or promissory note not negotiable, but within seventeen years next after an action on the same shall accrue." In the Revision of 1958, this statute, without change, became § 52-573 of the General Statutes, and subsequently, by Public Acts 1959, No. 574 § 7, it was amended by eliminating the words "or promissory note not negotiable." Thus, the Statute of Limitations on nonnegotiable promissory notes was reduced from seventeen to six years effective October 1, 1961. The court ruled that § 52-573, before amendment, was applicable. As authority, *Brown* v. *Wilcox,* 73 Conn. 100, 103, is cited. In that case the action was against the indorser of a nonnegotiable note, and it was held that a written indorsement to the effect that the indorser guaranteed payment of the note until paid, and agreed to be liable and to pay as if he had signed the note as maker, might be construed as an absolute guarantee and as such was admissible in evidence. When the court said that "[t]he rights and duties of the parties in this case are to be determined by the law relating to the in-

dorsement of non-negotiable notes which prevailed when the indorsement in question was made, and not by that law, as it now is," the court had reference to the substantive law applicable to the situation and not to limitations which a statute may impose on the remedy.

The trial court in the present case correctly held that the note sued on was nonnegotiable. It did not contain the words of negotiability required by our law. It is not payable to any person or his order, or to the bearer. *Mackey* v. *Dobrucki,* 116 Conn. 666, 669; *Curtiss* v. *Hazen,* 56 Conn. 146, 149; *Backus* v. *Danforth,* 10 Conn. 297, 303. The conclusion that the Statute of Limitations in effect at the time suit was brought was not applicable was, however, erroneous. The decisions of our Supreme Court for over a century have made it clear that in cases like the one before us the Statute of Limitations at the time the action was commenced is controlling. Such statutes are a matter of procedure rather than of substantive right. *Medbury* v. *Hopkins,* 3 Conn. 472, 473. "Statutes of limitation are no part of a contract; they concern only the form and time of the remedy for a breach thereof." *Waterman* v. *Sprague Mfg. Co.,* 55 Conn. 554, 576. In actions at law, the Statute of Limitations in force at the time the claim was filed applies. *Bohun* v. *Kinasz,* 124 Conn. 543, 547. In *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, the incident from which the cause of action arose took place in 1935. Suit was not brought until 1946. In two counts, it alleged negligence and breach of contract. Meanwhile, a limitation of one year was enacted for negligence actions. A demurrer to the complaint was sustained, the court holding that the one-year Statute of Limitations in negligence and the six-year statute in contracts barred the causes of action. See such cases as *Hazlitt* v. *Fawcett Publications, Inc.,* 116

F. Sup. 538, 540 (D. Conn.); *Crampton* v. *D. V. Frione Co.,* 1 F. Sup. 989 (D. Conn.).

The conclusion of the court that the seventeen-year statute, General Statutes § 52-573, before its amendment in 1959 removing nonnegotiable promissory notes from its scope, applied was erroneous, as was the sustaining of the plaintiff's demurrer on that ground.

The last question is whether the demurrer was sustainable under the provision of § 52-573 which limits a suit on a contract under seal to seventeen years after an action on it had accrued. Section 52-179 provides that an instrument in writing by any person, purporting and intended to be a specialty or under seal, and not otherwise sealed than by the addition of the word "seal" or the letters "L.S.," shall be deemed in all respects to be a sealed instrument and received in evidence as such. The note in the instant case was annexed to the complaint as an exhibit and made part of the file. It was payable in monthly instalments, including principal and interest, the first payment being due on December 28, 1955, and the final payment, with any balance due from previous instalments, due on July 28, 1957. The note contained an acceleration clause that default in making any payment would, at the option of the holder, render the entire unpaid balance and interest at once due and payable. Above the signatures appeared the words "WITNESS the hands and seals of the undersigned the day and date hereof above written." After each signature appeared the printed word "(SEAL)." With the exception of capitalized words, the context of the note was in print of uniform size. The trial court held that the words quoted above disclosed an intention on the part of the defendants to make the instrument a contract under seal, citing *Caputo* v. *DiLoretto,* 110

Conn. 413. In sustaining the demurrer, it concluded that the instrument here was a nonnegotiable promissory note under seal and that the seventeen-year Statute of Limitations applied.

It is the defendants' contention that since the statute and the cases emphasize the maker's intent, some evidence aliunde of the instrument was necessary to establish intent as a fact. " 'Whether an instrument is under seal or not is a question for the court upon inspection; whether a mark or character shall be held to be a seal depends upon the intention of the executant, as shown by the paper.' *Jacksonville, M.P. Ry. & Nav. Co.* v. *Hooper,* 160 U.S. 514, 519 . . . ." *Caputo* v. *DiLoretto,* supra, 415. By way of dictum, the court in *Caputo* held that in some jurisdictions the mere attaching of a seal after the signature does not raise a presumption that the note is a sealed instrument " 'unless there be a recognition of the seal in the body of the instrument by some such phrase as "witness my hand and seal" or "signed and sealed." ' " Id., 417; see *Beach* v. *Beach,* 141 Conn. 583, 593. Whether the defendants adopted the seal is a question of fact. *Security National Bank* v. *Educators Mutual Life Ins. Co.,* 265 N.C. 86. In our opinion, the intention of the defendants with reference to their sealing of the instrument should not have been disposed of summarily as a matter of law when the issues of fact stood closed by the general denial.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion DEARINGTON and KINMONTH, Js., concurred.