PROYOSTX, J.
The relator obtained from the respondent judge an order for an injunction, and in due course the injunction issued. The next day the respondent judge, in open court, in the presence of counsel, ex proprio motu, set aside the order as having *371 been granted by him improvidently, for tbe reason that the practice for 20 years past had been not to grant injunctions against the city of New Orleans without preliminary hearing having been first had on rule to show cause. Immediately following the entry of this ruling on the minutes appears the following:
“By Mr. Reiiley (counsel for the city)': Try it to-morrow. By Mr. Marr (counsel for plaintiff): Try it now this minute. By the Court: I would rather try it to-morrow. By Mr. Reiiley: I think to-morrow morning is time enough. By Mr. Marr: I only need three minutes to get my authorities. By the Court: Let it go over until to-morrow morning.”
This is all the minutes show. But in his petition to this court relator makes the allegation that upon the injunction order being set aside he presented to respondent judge a motion for a suspensive appeal; and he annexes to his said petition a copy of a motion for suspensive appeal which he alleges is a copy of the said motion for appeal. These allegations are made under oath. But the said copy of motion for appeal bears no date nor mark of filing.
The respondent judge in his return makes no denial of such a motion having been filed, and makes no contention of the said rescission order not having been appealable, but urges that he had the right to rescind the injunction, and that, even if he had not that right, the relator acquiesced in the rescission, and therefore cannot now be heard to complain of it.
The consent that a hearing be had implied necessarily an acquiescence in the rescission; for a hearing could be had only on the hypothesis of there having been a rescission of the order as to the granting of which the hearing was to be had; but this consent of the relator has to be deduced from the statement of his counsel: “Try it now, this minute.” The consent was coupled with the condition, therefore, that the hearing be immediate. Because the relator was willing not to object to the rescission if a hearing were to be had immediately, as a result of which, as he thought, the order would be immediately reinstated, it does not follow that he'waived absolutely his right to object to the rescission. The waiver was conditional. No one is presumed to renounce his rights voluntarily and gratuitously. Acquiescence will forfeit the right of appeal only if it is “unconditional, voluntary, and absolute.” Jackson v. Michie, 33 La. Ann. 723.
The question of the right to rescind the order will come up for consideration on the appeal; the sole question now to be considered is as to whether the appeal should have been granted; and no contention is made that the order was not appealable.
It is therefore ordered that a mandamus issue ordering and directing Hon. Fred. O. King, judge of the civil district court of the parish of Orleans, division B, to grant to the relator, Joseph Crucia, a suspensive appeal from the order heretofore made on Monday, March 25, 1917, setting aside the order for injunction theretofore by him the said judge granted in the matter of Joseph Crucia v. Martin Behrman, Mayor, et al., upon the said relator complying with the requisites of the law.
SOMMERVILLE, J., takes no part.