(84 South. 523)

No. 22617.

## CRUCIA v. BEHRMAN, Mayor, et al.

(April 16, 1920.)

*(Syllabus by Editorial Staff.)*

**1. Injunction ⊚⇒175—Dissolution on ex parte order only in extreme cases.**

While there are extreme cases in which dissolution of a writ of injunction on an ex parte order has been upheld, such cases are exceptions to the general rule that there should be no dissolution without an opportunity afforded the party in whose favor the writ has been granted to be heard.

**2. Injunction ⊚⇒175—"Hearing" on dissolution implies opportunity to present arguments and authority.**

The right to a "hearing" before dissolution of a temporary injunction implies more than the mere right to be present when the order is made, and requires an opportunity to present arguments and authorities on the question.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hearing.]

**3. Injunction ⊚⇒175—Fact that temporary order restrained enforcement of ordinance does not justify ex parte dissolution.**

The fact that a temporary injunction restrained enforcement of a police ordinance of a city does not present an extreme case justifying dissolution thereof ex parte, where there were other laws and ordinances to protect the public from injury, and the enforcement of the ordinance restrained would result in irreparable injury to plaintiff's business.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit for injunction by Joseph Crucia against Martin Behrman, as Mayor of the City of New Orleans, and another. From an order dissolving a temporary injunction theretofore granted, plaintiff appeals. Reversed, and writ of injunction reinstated pending hearing on the merits.

Robert H. Marr, of New Orleans, for appellant.

I. D. Moore, City Atty., and John J. Reilley, Asst. City Atty., both of New Orleans, for appellees.

DAWKINS, J. · Plaintiff applied to and obtained from the court below a preliminary writ of injunction restraining the mayor and acting inspector of police of the city of New Orleans from enforcing against him the provisions of an ordinance of the commission council prohibiting the playing of musical instruments in restaurants and certain other public places without first obtaining a permit so to do from the mayor. Plaintiff alleged that he was the proprietor of a restaurant located at No. 1036 Conti street, in said city; that as an adjunct to said business it was necessary that he entertain his guests with music, especially in view of the fact that his competitors were being permitted to do so, and that to deny him such right would be to place him at an unfair disadvantage for such competition; that he had paid all of the fees and licenses required by law to entitle him to pursue said business and which entitled him to have said musical performances in his said restaurant.

He further alleged that the commission council had on March 20, 1917, passed Ordinance No. 4221, in words and figures as follows, to wit:

"Section 1. Be it ordained by the commission council of the city of New Orleans that it shall be unlawful to keep any piano, organ or other musical instrument whatsoever, for the purpose of performing upon or having same performed upon, in any public park, or place of public rest or recreation, or in any regularly licensed theater or restaurant, or having any other character of entertainment in such places unless and until the applicant shall have first applied for and obtained from the mayor of the city of New Orleans a permit authorizing musical or other form of entertainment in such places.

"Sec. 2. Be it further ordained, etc., that any person or persons, firm or corporation violating any of the provisions of this ordinance shall be subject to a fine of not less than ten dollars nor more than twenty-five dollars, or imprison-

ment for not less than ten days nor more than thirty days, or both, and each day's violation of any of the provisions of this ordinance shall constitute a distinct and separate offense and punishable as such accordingly."

Plaintiff further alleged that he had applied to the mayor for a permit to hold such musical performances in his said restaurant, and that same had been refused without the assignment of reason.

Petitioner further alleged as follows:

"(7) Now your petitioner shows that said ordinance is wholly null and void as being contrary to the constitutional guaranty of equal protection of the laws; that the execution of said ordinance would deprive your petitioner of his property without due process of law; that said ordinance is unfair and inequitable, arbitrary and unjust; that it is wholly beyond the power of the city council to vest in the mayor of the city of New Orleans a discretionary power to impede or harrass one individual as his discretion may dictate, or grant privileges to another individual, and thus virtually place it within the power of the mayor of the city of New Orleans to decide who shall or shall not enter into a legitimate business.

"(8) Your petitioner further shows that unless restrained by injunction your petitioner will be arrested and punished under said unconstitutional, null, void, and illegal ordinance, and will be prevented from pursuing an avocation which, under the laws and Constitution of this state, he is entitled to pursue, and will thus deprive your petitioner of his means of livelihood and of the free and full use of his property; that said business is worth to your petitioner several thousand dollars per annum; that the enforcement of said ordinance against him would cause him irreparable injury, not only because of the destruction of the value of his property, but also of his liberty.

"(9) That petitioner is entitled to an injunction directed against the honorable mayor of the city of New Orleans and Hon. John P. Boyle, acting inspector of police, to restrain said mayor and to restrain said inspector of police from interfering with your petitioner in the lawful enjoyment of his business and of the lawful enjoyment of his right to earn a livelihood, and your petitioner further says that unless restrained by injunction the honorable the mayor of the city of New Orleans and the said acting inspector of police will procure the arrest and incarceration of your petitioner, which said arrest and said incarceration your petitioner is entitled to have prevented by the issuance of a writ of injunction."

Plaintiff prayed that a temporary writ issue restraining the mayor and acting inspector of police—

"from in any wise interfering with your petitioner in the pursuit of his lawful business, and especially that said mayor and acting inspector be restrained from interfering with your petitioner in any way, in the musical performances given by your petitioner at his said restaurant or from arresting or making affidavit against your petitioner by reason of said musical performances in his said place of business; and that Hon. Martin Behrman, mayor, and said John P. Boyle, acting inspector, be duly cited to answer hereto, and that after due proceedings had the injunction herein prayed for be made perpetual; and petitioner further prays for all costs, for general and equitable relief."

The order granting the writ on execution of bond in the sum of $200 was signed and the case was allotted on the day the petition was filed, to wit, March 23, 1917. On the same day the bond was given, the writ issued and was served on the mayor and acting inspector of police.

The minutes of the court, of date Monday, March 26, 1917, are as follows:

"Reasons for Judgment.

"Filed March 26, 1917.

"Joseph Crucia v. Martin Behrman, Mayor, et al.

"No. 119,819. Division B. Docket 5.

"Monday, 26th March, 1917.

"This cause came on this day for hearing:

"Present: Hon. Fred D. King, Judge, and R. H. Marr, Esq., counsel for plaintiff, and Messrs. John F. C. Waldo and John J. Reilley, assistant city attorneys, for defendant.

"By the Court: I am satisfied after reading the petition and signing the order I made a mistake. The last time I granted an injunction against the city of New Orleans without a rule to show cause was 20 years ago. The practice is, whenever an injunction is applied for against the city, to require a rule to show cause.

"I think on mature consideration that this order for an injunction improvidently issued, and I shall rescind the order and make the rule to show cause returnable as soon as possible.

"By Mr. Reilley: Try it to-morrow.

"By Mr. Marr: Try it now this minute.

"The Court: I would rather try it to-morrow, but if you gentlemen insist I will try it now.

"By Mr. Reilley: I think to-morrow morning is time enough.

"By Mr. Marr: I only need three minutes to get my authorities.

"The Court: Let it go over until to-morrow morning, and it will be the first matter to be taken up, all parties being before the court to accept service, the rule's fixed for to-morrow morning, and the court rescinds the order issuing an injunction in this case.

                 "[Signed] Fred D. King.

"[Signed] A. E. Oliviera,
       "Dy. Clerk & Stenographer."

And again, under the same date, i. e., Monday, March 26, 1917, but appearing as a separate minute entry, appears the following, to wit:

"And after hearing the pleadings and argument of counsel, and the court for the reasons on file, after duly considering the law and the evidence, it was ordered by the court that the writ of injunction herein issued be recalled and rescinded and that this cause be fixed for trial on Tuesday, March 27, 1917, on rule to show cause."

The minutes of March 27, 1917, show that the cause was continued indefinitely.

Following the rescission of the order for injunction, and on the same day, Crucia asked for a suspensive appeal, as would appear from a subsequent minute entry, to this court, which being refused, he applied here for writs of certiorari prohibition and mandamus to compel the granting of said appeal. A rule nisi was issued by us, and on hearing mandamus was granted, ordering the lower court to permit the appeal, and the case is now before us pursuant to that order. See Crucia v. Behrman, Mayor, et al., 141 La. 370, 75 South. 83.

## Opinion.

From the above it will be seen that the writ of injunction had regularly issued and was in full force and effect when the lower judge, of his own motion, and without any application therefor by defendants in writ, sought to set it aside, for the reason, as disclosed by the return to the rule for mandamus (141 La. 370, 75 South. 83) and in the minute entry above quoted, that it had been his uniform practice for many years not to grant a writ of injunction against the city of New Orleans without hearing. It is true that counsel for plaintiff was notified, or at least was present when the court dictated the order recalling the injunction and substituting a rule nisi in its stead; but it is likewise true, for the reasons mentioned, that the judge had made up his mind to do so before this action was taken, and that the order was entered without a hearing, though counsel was actually present.

The case has not been heard on its merits, and the question of the illegality and unconstitutionality of the ordinance attacked, strictly speaking, is not before us, except in so far as that issue may effect the correctness of the action of the lower court in attempting to dissolve the writ of injunction in the manner which was done.

[1-3] As pointed out in the brief for the appellees, extreme cases have arisen in which the ex parte dissolution of a writ of injunction was upheld. However, these are the exceptions to the rule that such action should not be taken without an opportunity being afforded the party in whose favor the writ has been granted to be heard. And by a hearing is meant a chance to present such arguments and authority as the nature of the case may, in counsel's opinion, warrant; not merely the privilege of hearing a judgment pronounced which has already been formed by the court.

It is urged in this case that, inasmuch as the writ was directed against the enforcement of a police ordinance, the situation presented was extreme, and justified the action taken, in order that the protection of the public morals and peace might not be hampered. However, the act sought to be suppressed was the playing of musical instruments in a restaurant, and if such performances had assumed a character to offend public decency or to disturb the peace there were numerous other provisions of law which could have been invoked. On the other hand, if the allegations of the petition are taken as true, they, too, present charges of serious invasion of personal and property rights which may easily work irreparable injury, pending final hearing on the merits, and for which there would be no adequate compensation at law, since neither the police authorities nor the city could be made to respond in damages for the injuries which might be suffered. If the ordinance should ultimately be found to be invalid (such finding not being improbable, in view of the decisions in City of New Orleans v. Badie, 83 South. 826,[1] and City of New Orleans v. Palmisano, No. 23830, 83 South. 789,[2] recently decided by this court), the very purpose for which the writ was sought would have been defeated. In such circumstances plaintiff is entitled to have the writ maintained until hearing on the merits. Garland's Code of Practice (4th Ed.) art. 566, and authorities there cited.

For the reasons assigned, the order appealed from is annulled and reversed, and it is now ordered and decreed that the writ of injunction be, and the same is hereby, reinstated, pending a hearing upon the merits; appellee to pay the costs of this appeal.

---

[1] 146 La. 550.    [2] 146 La. 518.