### GREATER NEW ORLEANS HOMESTEAD ASS'N v. KORNER.

#### No. 11088.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

J. D. Dresner and Monroe & Lemann, all of New Orleans, for appellant.

John E. Jackson and Baldwin J. Allen, both of New Orleans, for appellee Jordy Bros. Slate Co.

HIGGINS, J.

The appellee moves to dismiss the appeal on the ground that the appellant consented to have the judgment rendered recognizing the appellee's materialman's lien as superior to the vendor's lien and homestead mortgage of the appellant. The motion sets forth that the appellant consented to the rendition of the judgment because the record shows that counsel for appellant admitted that there was still due the appellee on his materialman's lien 40 per cent. of its total amount; and further that the judgment, as contained in the record, was drawn and submitted to the attorney for appellant, and that he approved the said judgment and consented thereto, and that the said attorney for appellant was present at the trial in the district court, and did not object to the ranking of the respective claims.

This court rendered judgment dismissing the appeal on the ground that the attorney for the appellant had consented to the judgment because he admitted that there was still due the appellee on its claim 40 per cent. of its original amount. 14 La. App. 282, 128 So. 49. See, also, 11 La. App. 59, 123 So. 181. The Supreme Court granted a writ of certiorari, and reversed the judgment of this court, holding that the admission of counsel as to the amount of the claim was not to be construed as consenting to the ranking of the materialman's lien as superior to the homestead's mortgage and vendor's lien. The court also noted that there was no evidence in the record with reference to the second ground upon which the motion to dismiss was based, and directed this court to remand the case to the district court for the purpose of taking testimony upon that issue. 171 La. 587, 131 So. 680.

The evidence was taken before the trial judge, but he did not pass upon the question of whether or not the proof showed that

the attorney for the homestead had consented to have the materialman's lien ranked superior to his client's mortgage.

Article 567 of the Code of Practice reads as follows:

"The party against whom judgment has been rendered can not appeal.

"1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily;

"2. If he has suffered the time prescribed by law for appealing to elapse."

The authorities construing this article clearly hold that consent or acquiescence on the part of the appellant is not presumed or inferred.

In Augustin v. Farnsworth et al., 155 La. 1053, 99 So. 868, 869, the Supreme Court said: "The act from which confirmation or ratification is sought to be deduced must evince such intention clearly and unequivocally. None will be inferred when the act can be otherwise explained. Breaux v. Sarvoie, 39 La. Ann. 243, 1 So. 614; Succession of Easum, 49 La. Ann. 1345, 22 So. 364; Wells v. Files, 136 La. 133, 66 So. 749."

In Crucia v. Behrman, Mayor, 141 La. 370, 75 So. 83, 84, we find: "No one is presumed to renounce his rights voluntarily and gratuitously. Acquiescence will forfeit the right of appeal only if it is 'unconditional, voluntary, and absolute.' Jackson v. Michie, 33 La. Ann. 723."

In Jackson v. Michie, 33 La. Ann. 723, it was held:

"Be that as it may, to take away the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment rendered, on the part of the appellant, and the evidence fails to satisfy us that there was such acquiescence in this instance. * * *

"An appeal is an important right, which should never be denied, unless its forfeiture or abandonment is conclusively shown."

Does the evidence in the present case show that the appellant's attorney consented to have the materialman's lien of the appellee ranked as priming the homestead's vendor's lien and mortgage?

The attorney for appellee testified that he was prepared with witnesses to prove up his claim, but was relieved from doing so when the following statement was dictated into the record by consent of all counsel: "It is admitted that the amount due Jordy Bros. Slate Co. is only 40% of the amount shown on the record in the Mortgage Office, 60% thereof having been paid."

He further testified that counsel for appellant stated in open court at the trial that the homestead had a lien bond in its favor guaranteeing the homestead against any loss that might be incurred by virtue of any lien that might be held to prime the vendor's lien and mortgage of the homestead, and, consequently, the homestead was a nominal party in the rule taken to rank the respective claims according to their preference and priority under the law; that the judgment of the lower court ranking the materialman's lien by preference over the homestead's vendor's lien and mortgage was predicated upon the statement made by counsel for appellant in open court; that the judge directed the attorney for the sheriff to draw up the judgment recognizing the materialman's lien as superior in rank to the homestead's mortgage; and that, after the attorney for the sheriff drafted the judgment, counsel for the appellant apparently was given a copy of the judgment, and did not object to its being signed as presented.

The attorney for the sheriff, who drafted the judgment, testified that he recalled that the judge directed him to draw the judgment up as it was finally rendered and signed, but that he had no recollection of the statement made by counsel for appellant or any recollection as to whether or not he had sent a copy of the judgment to the attorney for the appellant before the trial judge signed it.

The trial judge, from the bench, stated that, due to the fact that the matter was then five years old, he had no recollection of it at all.

The attorney for the bonding company, which furnished the lien bond, testified that he was not present when the judgment was rendered, and, while he represented the bonding company in a great deal of litigation, he was not employed under any retainer, and that he did not consider himself employed in the case at the time it was tried, although the attorney for the homestead had informed him that the rule was pending in the district court.

The attorney for the appellant testified that he considered that the homestead was a nominal party in the rule because the homestead had a lien bond, which protected it, and that he considered that the bonding company was the real party at interest; that the attorney for the bonding company was not present in court, although he had informed him that the case was to be tried; that he consented to dictating into the record the statement as to the amount of the materialman's claim, but denied that he did or said anything which could or should be construed as consenting to a judgment in favor of the materialman, recognizing its claim as superior in rank and priming the homestead's claim.

As pointed out by the Supreme Court, the judgment is in the form of a regularly contested case, and does not show in any way that it was rendered upon the consent of the parties.

Under the authorities, it appears to us that the burden of proving that the judgment was rendered by consent was upon the appellee who asserted that it was. The testimony of counsel for appellee and counsel for appellant is in conflict as to their respective appreciation and understanding of what was said, there being no note in the record on this score, and, both being reputable members of the bar and of equal credibility, we feel that the appellee has failed to show that counsel for the appellant consented to have the lien of the materialman ranked and recognized as priming that of the homestead's vendor's lien and mortgage.

For the reasons assigned, the motion to dismiss the appeal is denied.

Motion to dismiss denied.