RUTH WOOSTER *v.* FRANKLIN S. JEROME ET AL., EXECUTORS (ESTATE OF GEORGE E. MATTHIES), ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

 

Argued June 8—decided July 26, 1944.

*I. Gordon Colby, Jr.,* with whom was *David L. Daggett,* for the appellant (plaintiff).

*Raymond E. Hackett,* for the appellees (defendants).

Brown, J. On October 20, 1933, the plaintiff instituted this action against the executors and beneficiaries of the will of George E. Matthies of Seymour, who died April 11, 1922, seeking a decree that she has a valid claim against the Matthies estate, judgment for the amount due and other relief. Her claim is predicated upon a transaction which she alleges was consummated December 29, 1919, wherein Matthies, occupying a confidential relationship to the plaintiff, who was his sister-in-law, and representing to her that she was entitled to the money, as she had reason to believe she was, deposited $45,500 in her bank account. It is alleged that thereafter, upon his promise to invest the proceeds for her in Margay Oil Corporation stock,

he obtained her check payable to his order for $45,000, upon which he received the cash; and that he failed to deliver to her either the stock or its equivalent. It is further alleged that the claim was presented against the estate May 23, 1933, and payment refused August 19, 1933.

The pleadings in the case have been protracted to an unusual degree, including pleas in abatement, many motions and a succession of demurrers which have resulted in the filing of four complete amended complaints plus further amendments to three of these. The most recent of this succession of pleadings and the rulings thereon, with which we are directly concerned in determining this appeal, are the sustaining of the defendants' demurrer of March 12, 1943, to the plaintiff's amended complaint of September 29, 1941, by the court's memorandum filed June 17, 1943; the plaintiff's motion to produce for inspection filed June 19, 1943; the defendants' motion for judgment filed August 27, 1943; the plaintiff's amendment to her amended complaint of September 29, 1941, filed August 30, 1943; and the granting of the defendants' motion for judgment of August 27, 1943, and the denial of the plaintiff's motion to inspect of June 19, 1943, by the court's memorandum filed December 7, 1943. From the judgment entered pursuant to this memorandum the plaintiff has appealed, assigning error in the granting of the defendants' motion for judgment, in the denying of the plaintiff's motion to produce for inspection, and in the sustaining of the defendants' demurrer to the plaintiff's amended complaint of September 29, 1941. In the view which we take of the case, only the first of these assignments of error requires consideration.

The defendants' motion was not, nor does it purport to be, a motion for judgment by default or non-

suit for the plaintiff's failure to plead. Even had that been its nature, the court could not properly have granted it. Under § 86 of the Practice Book, the plaintiff was entitled to plead further as of right at any time within ten days after the demurrer was sustained on June 17, 1943. The filing on June 19, 1943, of the plaintiff's motion to produce for inspection constituted a pleading within this rule. Predicated as it was upon § 76 of the Practice Book, in its essential nature it constituted a motion to disclose. While it is true that § 86, entitled "Time to Plead," only speaks of a "motion addressed to the complaint," where, as was evidently claimed by the plaintiff to be the situation here, she found after the sustaining of the demurrer that to amend the defect she must get information from the defendants, it would be contrary to the spirit of the rule so to interpret it as to preclude this right. Furthermore, all the analogies lead to the conclusion that the filing of the motion would suspend the running of the time to file a paper falling more strictly within the definition of a pleading. See Conn. App. Proc., p. 93. Therefore, at least until the motion had been determined, the plaintiff was entitled as of right to plead further.

This aside, since § 5534 of the General Statutes permits the filing of a pleading after the expiration of the time fixed "provided no written motion for judgment by default or nonsuit for failure to plead shall have been filed" and the motion here was not of that nature, this afforded an express statutory guaranty of the plaintiff's right to plead further. This was the plaintiff's right which existed when the defendants' motion for judgment was granted. By its ruling in granting the motion, which failed to show any valid reason for so doing, the court ruled the plaintiff's case out of court. This violated the safeguards which were hers

under rule and statute and amounted to reversible error. This requires the remanding of the case. Under the circumstances, including the filing by the plaintiff of her amendment of August 30, 1943, which the trial court has never considered, we have no occasion to discuss the other assigned errors.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.