## COLONIAL TRUST COMPANY *v.* RAYMOND J. AUSTIN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 3—decided June 12, 1947

*Alfred L. Finkelstein,* with whom was *Morton H. Greenblatt,* for the appellants (defendants).

*Irving D. Johnson,* for the appellee (plaintiff).

DICKENSON, J. This is an action to recover on a promissory note. Error is assigned in the rendition of a judgment of default on motion of the plaintiff for failure of the defendants to plead within seven days after a request by the plaintiff for a pleading made on August 8. The contention of the defendants is that they were not required to file any pleading in

August under the provisions of § 86 of the Practice Book and that a motion based upon their failure to comply with the notice furnished no basis for the judgment. Our determination of this issue is decisive of the case and we do not consider other assignments of error.

The action was returned to the first Tuesday of January, 1946, and judgment by default was rendered for the plaintiff for failure of the defendants to appear. The judgment was opened on May 24, 1946, on motion of the defendants. They filed a motion for oyer on June 3, 1946, which was granted on the same day and complied with on June 10, 1946. There were no further proceedings until August 8, 1946, when the plaintiff requested the defendants in writing to file an answer or other pleading within seven days, stating that it would move for judgment by default if the request was not granted. The defendants filed no pleading and on September 4, 1946, the plaintiff filed a motion for judgment by default for failure to plead, setting up the request, the fact that it had not been complied with and that no answer or other pleading had been filed "to date." Judgment by default was granted on September 20, 1946. On September 21, 1946, the defendants filed a motion to open the judgment on the ground, among others, that they were not in default in pleading. The trial court denied the motion and rendered judgment for the plaintiff for damages.

Practice Book, § 88A, is entitled "Notice of Intention to Move for Default" and recites that "No motion for judgment by default or nonsuit for failure to plead will be considered by the court unless the moving party has given the adverse party at least one week's written notice of his intention to move for

such judgment and has so alleged in his motion. No such motion shall be continued on the short calendar." The rule not only provides that a written notice shall be given but that it shall be alleged in the motion for default that it has been given. The defendants could not be defaulted until a motion was made based upon such á notice. In short, the default must be based upon the motion and the motion upon the notice. Practice Book, § 86, which fixes the time in which pleadings shall be filed, provides that the rule shall not apply in July and August to pending cases. The defendants, however, had failed to plead in compliance with this section. They were already in default under it in June, so that the exception as to July and August could not extend their time for pleading. There is nothing in the rule to prevent the filing of a pleading in July and August and the plaintiff could file its notice in those months. Until it moved for a default, however, the defendants could file a pleading. Once the motion was made they were barred from further pleading. General Statutes § 5534. *Wooster* v. *Jerome,* 131 Conn. 266, 269, 38 A. 2d 683. The plaintiff filed its motion for judgment by default on September 4. Judgment could not be entered for the plaintiff on this motion under § 5534, however, until the court had so ordered "after reasonable notice to the opposing counsel and hearing thereon." The record recites that "On September 20, 1946, judgment by default was granted. (Coram, Wall, J.)" The evidence and rulings certified disclose that the parties appeared before the court, the plaintiff exhibited its letter requesting a pleading, the court asked if the motion was on the ground that a pleading had not been filed, the plaintiff answered that it was, and the court granted the motion. Coun-

sel for the defendants asked to be heard but the trial court refused to hear him, stating that it was "quite peeved with counsel who will not file their pleadings at the right time." While later the court heard the defendants' counsel on a motion to open the judgment (which it denied), the defendants were entitled to be heard before the judgment was entered. A hearing necessarily involves an opportunity by a party to present his arguments. *Crucia* v. *Behrman,* 147 La. 137, 142, 84 So. 523; *State ex rel. Hughes* v. *Milhollan,* 50 N.D. 184, 196, 195 N.W. 292; *Amerada Petroleum Corporation* v. *Hester,* 188 Okla. 394, 395, 109 P. 820. The failure of the trial court to hear counsel vitiated the judgment. See *Wooster* v. *Jerome,* supra.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.