ORLANDO GERVASI, TRUSTEE *v.* TOWN PLAN AND
ZONING COMMISSION OF THE TOWN OF WOODBRIDGE

BOGDANSKI, C. J., PETERS, PARSKEY, ARMENTANO and WRIGHT, Js.

Argued April 1—decision released June 16, 1981

*Roger J. Frechette,* for the appellant (plaintiff).

*Robert P. Burns,* with whom, on the brief, was
*Frederick S. Moss,* for the appellee (defendant).

WRIGHT, J. This case has a history going back to
1973 when the plaintiff trustee, owner of thirty-two
acres of land in Woodbridge, applied to the defend-
ant town plan and zoning commission of Wood-
bridge for approval of a plan to subdivide the
thirty-two acres into eighteen building lots. On
June 27, 1973, the commission disapproved the
application.

The commission's ruling was appealed to the Court of Common Pleas (Docket No. 91913), which sustained the plaintiff's appeal on April 23, 1975, *Levine, J.,* stating that the "defendant's rejection of the application was illegal, arbitrary, and in abuse of its assigned authority." The defendant's petition for certification was denied by this court. *Gervasi* v. *Town Plan & Zoning Commission,* 168 Conn. 679, 339 A.2d 478 (1975).

Subsequently, when the commission refused to issue the necessary permit, the plaintiff brought a mandamus action in the Court of Common Pleas (Docket No. 105491) to compel the issuance of the permit. On January 31, 1977, the court, *Kline, J.,* held that mandamus did not lie under the circumstances, but ordered that "the application be considered as soon as possible in conformity with the statutes and regulations," and the matter was "therefore remanded to the Commission for a new hearing as soon as possible . . . ."

On March 6, 1977, after the order of Judge Kline was disregarded by the commission, a new action of mandamus was brought in the Court of Common Pleas (Docket No. 110993) to compel the commission to act on the plaintiff's application for a subdivision. On July 11, 1977, the court, *McGuinness, J.,* ordered that the "application shall be heard by defendant board, as soon as possible in conformity with law."

The zoning commission finally held a public hearing on September 6, 1977, and on October 10, 1977, the commission denied the application "without prejudice."

On November 10, 1977, the plaintiff appealed the zoning commission's decision to the Court of

Common Pleas (Docket No. 115386). On the same date the plaintiff brought another mandamus action to the Court of Common Pleas (Docket No. 115385). The trial court (now the Superior Court) consolidated these two actions. On April 4, 1979, in Docket No. 115386, the court, *Cioffi, J.*, ruled that the action of the commission in denying the application "without prejudice" was null and void because proper notice of its ruling was not given to the plaintiff. In Docket No. 115385 the court ruled that an action of mandamus seeking the issuance of an approval of the application "does not lie."

In this appeal the plaintiff seeks an order that the commission be required to issue the permit, as it violated the terms of Judge Kline's order of January 31, 1977, the order of Judge McGuinness of July 11, 1977, and the provisions of General Statutes (Rev. to 1977) § 8-26.

It is our opinion that the order of Judge Kline of January 31, 1977, is the crucial order, which was merely confirmed at a later date by Judge McGuinness. No action was taken by the commission after January 31, 1977, until the hearing of September 6, 1977, and the denial of the application on October 10, 1977.

The question arises as to the procedure to be followed by the commission on remand after Judge Kline's order. As outlined above, the commission, after much delay and another court action, finally set the matter down for a public hearing which was held on September 6, 1977. We conclude that this procedure was erroneous in that a public hearing had already been held on the initial application on June 11, 1973. General Statutes (Rev. to 1977)

## § 8-26¹ does not authorize multiple public hearings in connection with a single subdivision proposal.

¹ "[General Statutes (Rev. to 1977)] Sec. 8-26. APPROVAL OF SUB-DIVISION AND RESUBDIVISION PLANS. All plans for subdivisions and resubdivisions, including subdivisions and resubdivisions in existence but which were not submitted to the commission for required approval, whether or not shown on an existing map or plan or whether or not conveyances have been made of any of the property included in such subdivisions or resubdivisions, shall be submitted to the commission with an application in the form to be prescribed by it. The commission shall have the authority to determine whether the existing division of any land constitutes a subdivision or resub-division under the provisions of this chapter, provided nothing in this section shall be deemed to authorize the commission to vary or modify in any way the subdivision regulations or to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations. The commission may charge fees for the pro-cessing of subdivision applications and inspection of subdivision improvements, the minimum fee to be thirty-five dollars for each application and the maximum to be five dollars for each lot within the planned subdivision. The commission may hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action. No plan of resubdivision shall be acted upon by the commission without a public hearing. Notice of the public hearing shall be given by publication in a newspaper of general circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days prior to the date of such hearing, and by sending a copy thereof by registered or certified mail to the applicant. The commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application or maps and plans submitted therewith, including exist-ing subdivisions or resubdivisions made in violation of this section, within sixty-five days after the public hearing thereon or, if no public hearing is held, within sixty-five days after the submission thereof. Notice of the decision of the commission shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person applying to the com-mission under this section, by its secretary or clerk, under his signa-ture in any written, printed, typewritten or stamped form, within fifteen days after such decision has been rendered. Such notice shall be a simple statement that such application was approved, modified and approved or disapproved, together with the date of such action. The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an extension of time not to exceed

Nor did the court's remand order contemplate another public hearing.[2] In its opinion, the court ordered "that the application be *considered* as soon as possible in conformity with the statutes and regulations." (Emphasis added.) This directive precluded the commission from treating the matter as a new submission. In effect, the proceedings before the commission were to be taken up where they had been left off: the posthearing or deliberative stage.

General Statutes (Rev. to 1977) § 8-26[3] allows sixty-five days after a public hearing for the commission to approve, modify and approve, or disapprove a subdivision application. Under the terms of the court's January 31, 1977 order, this time period began to run as of that date. When the commission failed to reconsider the application until October 10, 1977, the application was approved by operation of law. See General Statutes (Rev. to 1977) § 8-26; *Viking Construction Co.* v. *Town Planning Commission,* 181 Conn. 243, 246, 435 A.2d

a further period of sixty-five days may be had with the consent of the applicant. The grounds for its action shall be stated in the records of the commission."

[2] Our conclusion is not altered by the language of the court's opinion which directs "[t]he matter is therefore remanded to the Commission for a new hearing as soon as possible in compliance with the Court's orders." The bare use of the word "hearing" does not necessarily require that a "public hearing," as those words are used in General Statutes (Rev. to 1977) § 8-26, be held. Considered in context, it is apparent that the only hearing necessary for the commission's reconsideration of the matter involved additional oral argument by the parties. A "hearing" can be merely for the purpose of presenting arguments and the term embraces any oral proceeding before a tribunal. *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 469–70, 378 A.2d 547 (1977); *Colonial Trust Co.* v. *Austin,* 133 Conn. 696, 699, 54 A.2d 503 (1947). Thus, on remand, it is clear that the commission had no authority to treat the plaintiff's subdivision application as a new submission.

[3] See footnote 1, supra.

29 (1980). Because the application had been approved by operation of law long before the commission purported to disapprove the application on October 10, 1977, and because the plaintiff, under the pertinent statute, had a clear legal right to the issuance of a certificate to that effect, the plaintiff was entitled to the order in the nature of mandamus which he sought in the court below. See *Viking Construction Co.* v. *Town Planning Commission,* supra, 247–48. The trial court erred in ruling otherwise.

There is error, the judgment is set aside and the case is remanded with direction to render judgment ordering the commission to issue a certificate approving the application.

In this opinion the other judges concurred.