ANTHONY ESPOSITO ET AL. *v.* PLANNING COMMISSION
OF THE TOWN OF WESTBROOK
(2983)

HULL, DALY and BIELUCH, Js.

Argued November 15, 1985—decision released January 14, 1986

*Roger J. Frechette,* for the appellants (plaintiffs).

*Bruce G. MacDermid,* for the appellee (defendant).

HULL, J. The dispositive issue in this appeal is whether the plaintiffs were entitled to a writ of mandamus ordering automatic approval of their subdivision application under the sixty-five day rule set forth in General Statutes § 8-26d[1] since the defendant planning commission failed to take any action on that application after it had been remanded by the Superior Court to the planning commission for reconsideration. The trial court rendered judgment for the defendant, from which the plaintiffs appeal. In the light of *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 440 A.2d 163 (1981), we conclude that the trial court was in error in denying the plaintiffs' application for a writ of mandamus to order the issuance of the disputed subdivision approval.

The facts as found by the trial court are not in dispute. On April 4, 1977, the plaintiffs applied to the commission for subdivision approval. On September 13, 1977, the application was denied, there being an unresolved problem over access. The plaintiffs appealed this denial to the Superior Court which, on May 29,

---

[1] General Statutes § 8-26d provides in pertinent part: "HEARINGS AND DECISIONS. TIME LIMITS. DAY OF RECEIPT. (a) In all matters wherein a formal application, request or appeal is submitted to a planning commission under this chapter and a hearing is held on such application, request or appeal, such hearing shall commence within sixty-five days after receipt of such application, request or appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. . . .

"(b) A decision on an application for subdivision approval, on which no hearing is held, shall be rendered within sixty-five days after receipt of such application. . . ."

1979, sustained the plaintiffs' appeal because the planning commission had failed to publish notice of its decision as required by statute. See General Statutes § 8-26. The court, *Fishman, J.*, concluded that the plaintiffs' appeal "is sustained and [the case is] remanded to the defendant Commission for reconsideration rather than reapplication. No subdivision application fees are to be assessed by [the] plaintiffs. It is only fair that [the] plaintiffs receive a second bite of the apple in light of [the] defendant's statutorily defective conduct." The plaintiffs filed a petition for certification to the Supreme Court claiming that the trial court abused its discretion in not sustaining their appeal on the additional ground that they had complied with the regulations and therefore were entitled, as a matter of law, to have the subdivision approved. This petition was denied on February 7, 1980. On June 19, 1980, the plaintiffs demanded, by certified mail, that the commission issue the requested approval of their subdivision because of its failure to render a decision within the time limitation of General Statutes § 8-26d. Upon the commission's refusal to grant such approval, the plaintiffs brought this mandamus action.

The defendant filed three special defenses: (1) laches; (2) equitable estoppel; and (3) election of remedy by seeking certification in the Supreme Court rather than requesting reconsideration by the commission in accordance with the Superior Court judgment.

The trial court, in the mandamus action, stated in its memorandum of decision that the issue was whether the sixty-five day rule of General Statutes § 8-26d was applicable and, if so, when the countdown started. The plaintiffs contended in the trial court and also on appeal that the sixty-five day period began running on February 17, 1980, ten days after the Supreme Court denied the plaintiffs' petition for certification. On the basis of this interpretation, the plaintiffs claim that the com-

mission had to act on the reconsideration order before April 25, 1980.[2] The defendant claimed in the trial court and on appeal that the sixty-five day period never began to run because General Statutes § 8-26d requires a formal application, request or appeal in order to trigger the time limitation rule. It also argues that the statute does not provide that a Superior Court or Supreme Court order operates to begin the running of the sixty-five day period.

The mandamus trial court ruled as follows: (1) the crux of the matter is whether the term "reconsideration" can properly be construed as placing the burden of going forward on the defendant; (2) it was implicit in the previous court's order that the plaintiff normally has the burden of reapplying to the agency to have the proper decision rendered; (3) the remand for reconsideration is not provided for in statutory appeals from a planning commission; (4) the sustaining of the plaintiffs' prior appeal rendered the initial denial of the application null and void so that at the time, without reconsideration, there would no longer be an application before the commission;[3] (5) a party applying for a writ of mandamus must have a clear legal right to have the duty performed; (6) it was not clear whether the defendant had a duty to reconsider the application; (7) equitable considerations would militate against granting mandamus to the plaintiffs; (8) the plaintiffs did not request reconsideration; (9) the plaintiffs were not guilty of laches, there being no indication that the commission was prejudiced because of the delay; (10) *Gervasi* v. *Town Plan & Zoning Commission,* supra, is not controlling because: (a) the *Gervasi* plaintiff won an appeal on the merits while the plaintiffs in

---

[2] April 25, 1980, is more than sixty-five days from the denial of certification. This discrepancy is immaterial.

[3] The meaning of this finding is not entirely clear, but this is immaterial in view of the disposition we make of this case.

this case won their appeal on procedural grounds; (b) in *Gervasi,* the defendant refused to comply with the court's orders; (c) in this case, the defendant commission never refused to comply with the court order but was uncertain how to comply; and (d) the commission has stood ready to receive a resubmitted application; (11) the plaintiffs are not entitled to a writ of mandamus as they have not established a clear duty on the part of the defendant to perform; and (12) the plaintiffs have not shown that the sixty-five day period should commence at a point other than that indicated in General Statutes § 8-26d (a).

On appeal, the plaintiffs claim that the principal issue is the court's refusal to order the defendant to approve the subdivision application.[4] Our analysis of this issue requires close examination of *Gervasi* v. *Town Plan & Zoning Commission,* supra. In *Gervasi,* the plaintiff applied to the defendant plan and zoning commission for approval of a subdivision plan. The commission disapproved the application. The commission's ruling was appealed to the Court of Common Pleas which sustained the plaintiff's appeal holding that the "defendant's rejection of the application was illegal, arbitrary, and in abuse of its assigned authority." *Gervasi* v. *Town Plan & Zoning Commission,* supra, 451, quoting the trial court. The defendant's petition for certification was denied by the Supreme Court.[5] When the commission thereafter refused to grant the permit, the plaintiff brought a mandamus action to compel its issuance. On January 31, 1977, the trial court denied mandamus "but ordered that 'the application be considered as soon as possible in conformity with the statutes and regulations . . . .' " Id. The court's order having been dis-

---

[4] In view of our disposition of the case, we do not reach the plaintiffs' second ground of error arising out of certain rulings on evidence.

[5] The Supreme Court's denial of *Gervasi's* petition can be found in *Gervasi* v. *Town Plan & Zoning Commission,* 168 Conn. 679, 339 A.2d 478 (1975).

regarded by the commission, a new action of mandamus was brought. On July 11, 1977, the court "ordered that the 'application shall be heard by [the] defendant board, as soon as possible in conformity with law.' " Id.

The zoning commission held a public hearing and denied the application "without prejudice." The plaintiff appealed the commission's action to the Court of Common Pleas and filed yet a third mandamus action. The two cases were consolidated and the court sustained the appeal because of improper notice, but denied the request for mandamus, ruling "that an action of mandamus seeking the issuance of an approval of the application 'does not lie.' " Id, 452. In his appeal to the Supreme Court, the plaintiff sought an order requiring the commission to issue the permit, as its actions violated the terms of the trial court's orders of January 31, 1977, and July 11, 1977, and the provisions of General Statutes (Rev. to 1977) § 8-26.[6]

The Supreme Court held that the trial court's order of January 31, 1977, was the crucial order, merely confirmed later by the July 11, 1977 order. It noted that no action was taken by the commission after January 31, 1977, until the public hearing seven months later and the denial of the application another month after the hearing. The Supreme Court then proceeded to answer the procedural questions central to this case: "The question arises as to the procedure to be followed by the commission on remand after [the January 31, 1977] order. As outlined above, the commission, after much delay and another court action, finally set the matter down for a public hearing which was held on September 6, 1977. We conclude that this procedure was erroneous in that a public hearing had already been held on the initial application on June 11, 1973. General Statutes (Rev. to 1977) § 8-26 does not authorize

---

[6] This section is similar to General Statutes § 8-26d in all pertinent respects.

multiple public hearings in connection with a single sub-division proposal. Nor did the court's remand order contemplate another public hearing. In its opinion, the court ordered 'that the application be *considered* as soon as possible in conformity with the statutes and regulations.' (Emphasis added.) This directive precluded the commission from treating the matter as a new submission. In effect, the proceedings before the commission were to be taken up where they had been left off: the posthearing or deliberative stage.

"General Statutes (Rev. to 1977) § 8-26 allows sixty-five days after a public hearing for the commission to approve, modify and approve, or disapprove a subdivision application. Under the terms of the court's January 31, 1977 order, this time period began to run as of that date. When the commission failed to reconsider the application until October 10, 1977, the application was approved by operation of law. See General Statutes (Rev. to 1977) § 8-26; *Viking Construction Co.* v. *Town Planning Commission,* 181 Conn. 243, 246, 435 A.2d 29 (1980). Because the application had been approved by operation of law long before the commission purported to disapprove the application on October 10, 1977, and because the plaintiff, under the pertinent statute, had a clear legal right to the issuance of a certificate to that effect, the plaintiff was entitled to the order in the nature of mandamus which he sought in the court below. See *Viking Construction Co.* v. *Town Planning Commission,* supra, 247–48. The trial court erred in ruling otherwise." (Footnotes omitted.) *Gervasi* v. *Town Plan & Zoning Commission,* supra, 452–55.

The *Gervasi* court also discussed the proper procedure on remand: "Our conclusion is not altered by the language of the court's opinion which directs '[t]he matter is therefore remanded to the Commission for a new hearing as soon as possible in compliance with the

Court's orders.' The bare use of the word 'hearing' does not necessarily require that a 'public hearing,' as those words are used in General Statutes (Rev. to 1977) § 8-26, be held. Considered in context, it is apparent that the only hearing necessary for the commission's reconsideration of the matter involved additional oral argument by the parties. A 'hearing' can be merely for the purpose of presenting arguments and the term embraces any oral proceeding before a tribunal. *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 469–70, 378 A.2d 547 (1977); *Colonial Trust Co.* v. *Austin,* 133 Conn. 696, 699, 54 A.2d 503 (1947). Thus, on remand, *it is clear that the commission had no authority* to treat the plaintiff's subdivision application as a new submission." (Emphasis added.) *Gervasi* v. *Town Plan & Zoning Commission,* supra, 454 n.2.

*Gervasi* and the present case make a tight fit. The only difference between the cases lies in two aspects: (1) Judge Fishman in this case ordered "reconsideration" rather than "consideration," a distinction of no significance; and (2) the trigger date in this case was the date the Supreme Court denied the plaintiffs' petition for certification from Judge Fishman's judgment. This is not inconsistent with the Supreme Court's determination of the trigger date in *Gervasi* as the day the court initially ordered the commission to consider the application as soon as possible.

The trial court, and the commission in this court, stressed the uncontroverted fact that both parties were uncertain how to proceed after Judge Fishman's remand and that the plaintiffs did not desire or seek a new hearing. The commission argues that *Gervasi* should be distinguished because the plaintiff in that case sought a rehearing after the remand. That is a difference, however, without a distinction. It leads us to no different conclusion.

The trial court also found that the plaintiffs did not have a clear right to a mandamus. This appeared to be so at the time of the events involved, since *Gervasi* had not yet been decided. *Gervasi,* however, was decided almost nineteen months before the trial court issued its ruling. The plaintiffs then had a clear right to mandamus. "In mandamus, the factual situation existing at the time the writ is to issue governs." (Citations omitted.) *Gormley* v. *Panuzio,* 166 Conn. 1, 2, 347 A.2d 78 (1974); 52 Am. Jur. 2d, Mandamus § 32.

We conclude that *Gervasi* controls this case. The burden was not on the plaintiff to seek reconsideration. On February 7, 1980, the statutory limitation period began to run. Since the commission failed to act on the application within sixty-five days of that date, the plaintiffs have a clear right to a writ of mandamus directing the commission to issue a certificate in accordance with the provisions of General Statutes § 8-26.[7]

The defendant preserved its three special defenses, under Practice Book § 3012, as alternate grounds on which the judgment may be sustained. The first of these special defenses is laches. The court's conclusion that laches did not lie is not clearly erroneous. The defendant, in this case, does not claim any prejudice as a result of the delay in bringing the mandamus action. See *Berin* v. *Olson,* 183 Conn. 337, 344, 439 A.2d 357 (1981); *Nauss* v. *Pinkes,* 2 Conn. App. 400, 411, 480 A.2d 568 (1984).

The defendant also claims that the judgment can be upheld on the basis of the theories of equitable estoppel and election of remedy. The court, however, did not rule on these defenses and the defendant did not move to have the court articulate thereon in its decision. We thus have nothing before us to consider in this regard.

---

[7] General Statutes § 8-26 provides in pertinent part: "The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand."

"Since the defendant has failed to supply a record presenting the trial court's rationale, as is [its] burden, we are disinclined to [consider these claims]." *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983). *Pointina Beach Assn., Inc.* v. *Stella,* 1 Conn. App. 341, 343, 471 A.2d 970 (1984).

There is error, the judgment is set aside and the case is remanded with direction to grant a writ of mandamus in accordance with this opinion.

In this opinion the other judges concurred.