[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sea Associates, appeals, under the provisions of C.G.S. 8-28, from the decision of the defendant, the Windsor Locks Planning and Zoning Commission, disapproving a plan for the subdivision of property owned by the plaintiff and located at 31 South Elm Street in Windsor Locks.
FACTS
On December 12, 1988, the plaintiff submitted an application for a three lot subdivision of the property mentioned above. The commission published notices of a public hearing concerning the application, and the public hearing commenced February 14, 1989.
At that hearing counsel for the plaintiff gave a presentation regarding the plaintiff's plan, and four witnesses spoke against it. A question arose as to whether the subject property was located on a public or private road. The hearing was continued to March 13, 1989.
On that date the hearing reconvened; letters from members of the public and the town engineer were read into the minutes; a legal brief from the plaintiff's counsel was received; eight witnesses spoke in opposition to the plan; and the plaintiff's counsel addressed the commission in rebuttal. The chairman of the commission asked if the plaintiff would consent to a continuance of the hearing to April 10, 1989. The plaintiff, through its counsel, did not consent nor did it object to the request but instead indicated it would defer a decision on consenting to further extensions until the next hearing date. The commission continued CT Page 1341 the hearing to April 10, 1989.
On April 10, 1989, the hearing was continued, with the consent of the plaintiff, to May 22, 1989, so that the town attorney might advise the commission on the private versus public road issue.
On May 22, 1989, the hearing reconvened; the opinion of the town attorney was read; the plaintiff's counsel addressed the commission; an attorney representing a neighboring property owner spoke; and eleven persons spoke against the proposed plan. After the hearing concluded the commission voted to disapprove the application without prejudice and subject to a ruling from a judge or referee resolving the private versus public road question.
 I
The parties at the trial of the administrative appeal stipulated that the plaintiff owned the property which is the subject the subdivision plan and had applied for its approval by the defendant. The owner of property which forms the subject matter of the application is always aggrieved, Bossert v. Norwalk,157 Conn. 279 at p. 285. Therefore, the plaintiff was aggrieved by the commission's decision in this case.
 II
The plaintiff has raised several issues on appeal including a claim that the disapproval by the commission was illegal because the commission failed to act within the time limits for action set forth in C.G.S. 8-26d. Because the court concludes this issue is dispositive, the other issues raised are not discussed.
No subdivision of land can be made until a plan for such subdivision has been approved by the planning commission for the municipality in which the land is situated, C.G.S. 8-25 (a). The defendant is the planning commission for Windsor Locks. The rules governing the submission and processing of subdivision plan applications are found in C.G.S. 8-26 through 8-26d, Krawski v. Planning and Zoning commission, 21 Conn. App. 667 (1990).
When an application to the planning commission for approval of a subdivision plan is made and a hearing is held on such application, the processing of that application is governed by a timetable set forth in C.G.S. 8-26 (a) through (d). This timetable consists of three stages. The first stage is the period of time from the official receipt of the application to the commencement of the hearing or "pre-hearing" stage; the second stage is the period from the commencement of the hearing until it is completed or the "hearing" stage; and the third stage is the period from the completion of the hearing to the rendering of the CT Page 1342 decision or the "post-hearing" stage, C.G.S. 8-26d (a).
Each stage has its own specific time limit. The first stage cannot exceed sixty-five days; the second stage thirty days; and the third stage sixty-five days. The applicant may consent to extensions of these time limits provided the total extension of any stage cannot exceed the original limit, i.e., the limits may be doubled with the consent of the applicant. This means that the maximum allowable time, with the applicant's consent, for the first stage is one hundred thirty days; for the second stage sixty days; and for the third stage one hundred thirty days.
Clearly, in this case the time limitations for the first and third stages were complied with. Just as clearly, the time limit for the second or hearing stage was violated, and it was violated in two distinct ways.
First the hearing was extended beyond thirty days without the applicant's consent. The hearing commenced on February 14, 1989, and was continued to March 13. On that date the plaintiff did not consent to a further extension but expressly reserved consent (March 13 transcript, p. 27). The commission, under the mistaken belief it had sixty-five days to complete the hearing stage (March 13 transcript, p. 23 and p. 27), continued the hearing to April 10, well beyond the thirty day limit.
Consent under 8-26d cannot be inferred from a lack of objection or acquiescence in later proceedings. In University Realty, Inc. v. Planning Commission, 3 Conn. App. 556 (1985) at p. 564, the Appellate Court held that, even though the applicant in that case suggested that the commission table its own application, the commission's action in tabling the hearing for a site plan approval was without consent as required under C.G.S. 8-7d. The trial court in that case had found implied consent by virtue of the applicant's initiation of the idea of tabling the matter, but the Appellate Court rejected that finding stating that the "commission need not have acceded to the request", and that the applicant's request to table was "too slim an evidentiary reed on which to hang a finding of consent", p. 565. It should be noted that the statutory language of 8-7d(a) is identical to that of8-26d(a) with regard to consent.
In the instant case the commission moved to continue the hearing without any prompting by the plaintiff. Therefore, the continuation of the hearing stage beyond thirty days was without consent and in violation of the timetable set forth in 8-26d.
Secondly, the hearing stage time limitation was violated because the hearing took ninety seven days from commencement to completion. On April 10, 1989, the commission continued the CT Page 1343 hearing to May 22, 1989. The applicant cannot consent to an extension or extensions totalling more than an additional thirty days under C.G.S. 8-26d(a). The duration of the hearing from February 14 to May 22 violated this limitation despite consent, express or implied.
 III
Having found the commission's action to be in contravention to the mandatory schedule set forth in 8-26d, a question now arises as to the appropriate remedy. The plaintiff claims that because the commission failed to act within the given time limits the subdivision plan was automatically approved.
Twenty-two years ago our Supreme Court held that failure of a planning commission to act within the statutory time limit shall be considered as an approval, Finn v. Planning and Zoning commission156 Conn. 540 (1968) at p. 546. The doctrine of "automatic approval" has been applied since then to violations of the third or post-hearing stage of the 8-26d timetable, Merlo v. Planning and Zoning Commission, 196 Conn. 676 (1985) at p. 682, where the Court stated that 8-26 required "a planning commission to `approve, modify and approve, or disapprove'. . . an application within the time allowed in order to avoid the sanction of automatic approval", citing Carpenter v. Planning and Zoning Commission, 176 Conn. 581
(1979).
Similarly, violations of the first or pre-hearing stage of the 8-26d(a) timetable have been held to confer automatic approval, Caldrello v. Planning Board, 193 Conn. 387 (1984) at p. 392; and Viking Construction Co. v. Planning Commission 181 Conn. 243
(1980) at p. 246.
This rule has been extended to situations where a disapproval of a subdivision plan by a planning commission was overturned on appeal and remanded to the commission for rehearing and the commission failed to act swiftly enough, Gervasi v. Town Planning and Zoning Commission, 184 Conn. 480 (1981) and Esposito v. Planning commission, 6 Conn. App. 34 (1986).
The trial court has discovered no cases, however, where a violation of the second or hearing stage of 8-26d(a) occurred. when examining 8-26d, it is often helpful to examine cases construing8-7d, governing site plan and special use application inter alia, because the statutory language is nearly identical, University Realty, Inc. v. Planning Commission, supra, p. 563; and Carr v. Woolwich, 7 Conn. App. 684 (1986) at p. 692. Unfortunately, no cases directly on point have been discovered under this section either. CT Page 1344
The issue then becomes whether the remedy for a violation of the second or hearing stage of the 8-26d timetable ought to be different than the remedy for a violation of the first or third stage.
In Caldrello v. Planning Board, supra p. 392, our Supreme Court viewed the 8-26d time limits as an integrated whole stating that 8-26 and 8-26d "establish a definite timetable during which the planning and zoning commission must act. . . . Failure by the Commission to act within the time parameters results in the approval of the subdivision application by operation of law". The Court used the plural "parameters". Presumably, if the Court did not expect the automatic approval doctrine to apply to all of the time limitations of 8-26d, it would have noted any exceptions.
Similarly, in Carr v. Woolwich, supra, pp. 691 and 692, the appellate Court, in discussing the identical timetables of 8-7d
and 8-26d, stated that the 1977 legislation which made 8-7d and8-26d uniform "was intended to make uniform the time periods within which all the zoning and planning matters covered by it were to be heard and decided". And, further, "[i]t is equally clear that it was intended to make uniform the legal effect of a violation of those time standards", Id, (emphasis added). The appellate Court was referring to all three stages of 8-7d and, by analogy, to all three stages of 8-26d. The Court went on the note that to apply different remedies for violations of the various time limitations would "be bizarre" Id.
On p. 693 the Court explicitly held that the "hearing on such matters must begin within sixty-five days and terminate within an additional thirty days . . . If the decision is not rendered within these time periods, the application is deemed to have been approved", Id. (emphasis added). Although the Carr case was a first stage violation case, the language quoted expresses a belief that a violation of any stage results in automatic approval.
The Carr and Caldrello cases appear to resolve the issue of remedy quite neatly but for the case of Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554 (1988). That case calls into question the extent to which the holding in Carr controls hearing stage violations.
In that matter the plaintiff appealed from a denial by the commission for a special use permit and site plan under 8-3c
and 8-7d. The commission held a timely hearing, closed the hearing, and, at later dates, reopened the hearing and heard testimony from several additional witnesses. The plaintiff alleged that the commission had exceeded the thirty day time limit for the hearing stage, but our Supreme Court construed the procedure followed by the commission as a multiple hearing process rather CT Page 1345 than as one of an extended hearing. The Court held that the commission's action was illegal but not because of a violation of the thirty day standard. Rather, it found the action illegal because multiple hearings are not authorized by the applicable statutes.
The Court remanded the case for a new hearing rather than finding automatic approval. At p. 563 the Court distinguished the Carr case stating that because Carr was first stage or prehearing violation matter it did not control cases involving second or hearing stage violations. The decision went on to note that "[w]e do not believe that the automatic approval of an application, . . ., is also mandated in this case because of the failure to observe the thirty day limitation," Id, p. 574.
However, the Frito-Lay case appears particularly fact bound. That case was not a time limit violation case at all, but a multiple hearing violation matter. At p. 575, the Court stated that the hearing requirement "imposed by statute . . had been satisfied", by the initial hearing. The commission erred by holding illegal subsequent hearings after the legal one was concluded. The Court recognized the peculiar nature of the facts before it by remarking "we do not believe that the legislature intended automatic approval of the scenario presented to us," Id.
Because the case sub judice is a time limit violation case, and not a multiple hearing case, the Court feels that the logic of the Carr and Caldrello cases applies. The Court finds no basis for distinguishing a second stage time limit violation from violations of the first or third stages.
An examination of the reasons behind the automatic approval doctrine discloses no reason for abandoning the rule for thirty day violations. As our Supreme Court said in Merlo v. Planning and Zoning Commission, supra, p. 683, "it is the `failure of the commission to act' upon the application within the time provided that results in approval . . . We have ascertained that `the obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for protection of the subdivider.'" Commenting on the doctrine, the Supreme Court in Carpenter v. Planning and Zoning Commission, supra, pp. 596 and 597, found that the legislative purpose behind8-26 was to secure "by means of rather brief appeal time periods, a speedy determination of the issues involved", in subdivision application procedures.
In setting a shorter time period for the hearing stage, viz thirty days, the legislature has indicated that the hearing stage ought to be completed more promptly than the procedures which precede and succeed the hearing which are allotted sixty-five days. CT Page 1346 This implies that promptness is at least as important for second stage cases and that the remedy of automatic approval is just as appropriate.
Another justification for the automatic approval rule is that an applicant will know with "certainty that a definite course of statutory action has been taken by a commission". Carpenter v. Planning and Zoning Commission, supra p. 597. It is difficult to see how the plaintiff in this case has any more certainty in this regard than the applicant in a case where a hearing for a subdivision plan has been held in a timely fashion but the decision was defective in some way, Id.; or in a case where disapproval of a site plan was rendered after the sixty-five days limit, University Reality, Inc. v. Planning and Zoning Commission supra. If the applicant's only remedy is a reversal and remand, the applicant "is . . left with no more than a Pyrrhic victory", Carr v. Woolwich, supra, p. 695, and the statutory protection conferred by the expedited time limits is defeated.
Therefore, the appeal is sustained and the Windsor Locks Planning and Zoning Commission is ordered to issue a certificate of approval for the plaintiff's subdivision plan.
SFERRAZZA, J.