[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of a subdivision application.
A previous application by the plaintiff was denied by the Commission and appealed to the Superior Court by the plaintiff (Docket No. 50 98 27, Londonderry Woods Development, Inc. v. Planning and Zoning Commission of the Town of Ledyard, Judicial District of New London at New London). The trial court in that case rendered a decision (of which this court was requested to take judicial notice) sustaining the appeal essentially for the reason that the Planning Commission considered evidence outside of the record with the likelihood that such evidence "tainted the fairness of the proceeding". The court in that case, after acknowledging the various alternative relief possibilities, simply sustained the appeal without further instructions to the Planning Commission.
The record in this case (Record Item #77) suggests that the Ledyard Planning Commission considered the action of the Superior Court to be a "remand" for reconsideration. The record indicates that no further public hearing was held by the Commission, the applicant was not given an opportunity to rebut the non-record material, cross-examine its preparer or to present evidence to contradict it. Instead, the Commission purported to "reconsider" the original application and record, including a transcript of the previous hearings, without giving consideration to the non-record material and again voted to deny the application. This appeal followed.
The plaintiff/applicant is found aggrieved.
The legal issue thus presented is whether or not such CT Page 8059 a procedure is sufficient to rectify the original error made by the Planning Commission in considering non-record material. This court has determined that it is not and that this appeal therefore must be sustained.
The plaintiff in its brief does not raise this issue directly but has alleged predetermination as a ground for relief.
At first, it should be noted that the Commission appears to have relied on the decision of Gervasi v. Town Plan and Zoning Commission, 184 Conn. 450 (1981) in determining what procedure to use after the conclusion of the first appeal. That case involved a specific remand by the trial court and was not a case which involved non-record evidence relied upon by the Commission. For those two reasons the case is distinguishable from the circumstances in this case and is therefore not controlling.
The reason most often given by our courts for the rule which requires that only evidence in the record should be considered by an administrative agency in making its decision is related to the fact that "no one may be deprived of the right to. . . cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the commissioner is to act." Balch Pontiac-Buick Inc. v. Commission of Motor Vehicles,165 Conn. 559, 569 (1973); Parsons v. Board of Zoning Appeals,140 Conn. 290, 293 (1953).
In the case of Connecticut Natural Gas Corp. v. P.U.C.A., 183 Conn. 128 (1981) our Supreme Court (at footnote 9) said "Before an administrative agency may lawfully rely on material non-record facts. . . it must allow a party adversely affected thereby an opportunity to rebut at an appropriate stage in the proceedings."
In this case the Ledyard Planning Commission gave the applicant no opportunity to rebut the non-record material which the previous trial court in its memorandum of decision found to be "devastating" (Return of Record Item #76). Instead the Ledyard Planning Commission claims not to have considered those materials when giving its "reconsideration" to the plaintiff's subdivision application before its second denial.
Under these circumstances the court will sustain the appeal and remand the case to the defendant Ledyard Planning Commission with instruction to provide the applicant an opportunity to rebut the non-record material referred to above and to comply with the "fundamentals of natural justice" (Balch Pontiac-Buick Inc. v. Commissioner of Motor Vehicles, Supra, CT Page 8060 569) and apprise the applicant of the facts upon which the Commission plans to rely in advance of closing the record.
LEUBA, J.